*Ex parte* WILLIS.

Opinion delivered March 18, 1905.

MUNICIPAL ORDINANCE—ORDER OF PAYMENT OF WARRANTS—Under Kirby's Digest, § 1174, providing that all city warrants shall be receivable for taxes and debts without regard to the time or date of their issuance, an ordinance of a city providing that its warrants shall be paid in the order of issuance is void, even though the warrants contain a stipulation that in accepting them it is agreed that they are not to be paid before payment of warrants previously issued.

Certiorari to Craighead Circuit Court, Jonesboro District

ALLEN HUGHES, Judge.

Judgment quashed.

STATEMENT BY THE COURT.

The petitioner makes this statement of the case, which is accepted by the defendant as a fair statement:·

"The facts, briefly stated, are that the petitioner was fined in the city court of Jonesboro, Arkansas, for carrying a pistol concealed upon his person in violation of the ordinances of the city, the fine being assessed at $50. He appealed to the circuit court of Craighead County for the Jonesboro District, and, after the perfection of said appeal, it was dismissed by agreement. Thereafter, and before the petition for habeas corpus was filed, petitioner tendered to George Turner, chief of police of the city of Jonesboro, $12.30 in lawful money, the costs in said cause, and $50 in city scrip, the scrip so tendered being in two pieces of $25 each, said $50 being the amount of the fine. The scrip so tendered in payment of the fine is in form as follows:

" 'No. 315.             Jonesboro, Ark., Nov. 8-1904.    190—
          " 'The treasurer of the City of Jonesboro
Pay to G. G. Brooks, or bearer, Twenty-five—no-100 dollars, $25. In accepting this warrant it is agreed and understood that it is not to be accepted for any of the city's indebtedness whatsoever before the warrant of previous number or numbers have been paid, or the money is in the hands of the treasurer for payment, but it is to be paid in full at the treasurer's office in cash in its proper turn.

" 'Attest:                PRESTON HATCHER, City Clerk.
" 'Amount brought forward, $9037.11
" 'Amount of this warrant..    35.00
                            ————————
" 'Total .............. $9062.11'

"The city ordinance offered in evidence is as follows:
          " 'Ordinance No. 196.
" 'An ordinance Providing for the Issuance, Classification and Payment of City Warrants or Scrip.

" 'Whereas, the financial condition of the city of Jonesboro is much depressed; be it ordained by the city of Jonesboro:

" 'Sec. 1   That each warrant from the passage of this warrant ordinance shall be issued in the order which it is allowed by the auditing committee of the council, numbered as issued, beginning with warrant No. 1, and paid according to its number as the cash accumulates in the hands of the treasurer or acting treasurer, and in no case shall it be accepted for any of the city's indebtedness of the city before the previous number or numbers have been paid or the money accumulated in the hands of the treasurer for payment.

" 'Sec. 2.   That it shall be the duty of the city clerk to commence a new series of city warrants on the first day of the first month of each year, beginning each series with warrant No. 1.

" 'Sec. 3.   That it shall be the duty of the city clerk also to fill out and keep accurately the stubs of all warrants issued by virtue of this ordinance.

" 'Sec. 4.   That is shall be the duty of the treasurer, in a book provided for that purpose, to make, immediately upon payment of a warrant, and keep a record of all paid warrants, by number, date, payee, amount brought forward, the warrant's amount and the total, free and accessible to the public.

" 'Sec. 5.   That all outstanding warrants shall be paid or accepted for any of the city's indebtedness as issued and cancelled.   No warrants issued after the passage of this shall be paid or accepted by the sheriff or collector of Craighead County, the chief of police, treasurer, clerk, street commissioner, or any other person collecting taxes of any kind, fines, road tax, license or money instead of working the street, or otherwise, until there is money in the treasury to pay the same in order of issue.

" 'Sec. 6.   That the warrant, as provided by this ordinance, shall be signed by the mayor and attested by the city clerk; and, beside the number, date, payee, amount payable, amount brought forward and the total, shall present upon its face this contract or condition of acceptance:   In accepting this warrant it is agreed and understood that it is not to be accepted for any of the city's

indebtedness whatsoever before the warrant or warrants of previous numbers have been paid, or the money is in the hands of the treasurer for payment, but it is to be paid in full at the treasurer's office in cash in its proper turn. The stub shall likewise show the number, date, amount brought forward, the warrant's amount and total.

" 'Sec. 7. That the form of the warrant, as provided by this ordinance, shall be substantially as follows:

No.          No.               Jonesboro, Ark.          190...

The Treasurer of the City of Jonesboro.

.....190.. Pay to .......... or bearer ........ dollars.
In accepting this warrant it is agreed and understood that it is not to be accepted for any of the city's indebtedness whatsoever before the warrants or warrants of previous number or numbers have been paid, or the money is in the hands of the treasurer for payment, but it is to be paid in full at the treasurer's office in cash in its proper turn.

Mayor ...............................
Attest: City Clerk ........................

" 'Sec. 8. That the city clerk make $2,000 bond as a guaranty for accuracy in keeping balance brought forward for protection of the holder of warrants.

" 'Sec. 9. In consideration of the above, and as a protection to the holders of warrants and investors, the city hereby agrees to issue no other kind of scrip or warrants payable until all warrants issued as provided by the above are paid.

" 'Sec. 10. That all ordinances or parts of ordinances in conflict with this ordinance are repealed, and this ordinance take effect and be in force from and after July 1, 1904.

" 'Passed and adopted this 25th day of April, 1904.

" 'Attest: Preston Hatcher, City Clerk.' "

Turner accepted the costs, but refused to accept the $50 in scrip tendered in payment of the fine on the ground that he had no authority to do so, as the same was what was known as "new scrip," and there was plenty of old scrip outstanding. Witnesses on behalf of the petitioner say that the new scrip sells

for fifty cents on the dollar, and old scrip, issued before the passage of the ordinance referred to herein, sells for ninety-five cents on the dollar. Preston Hatcher, city clerk, and J. B. Nichols, mayor of the city of Jonesboro, testified that no kind of scrip other than the kind offered in evidence is issued by the city of Jonesboro.

The petition for habeas corpus was filed December 3, 1904, and heard December 31, 1904, before Honorable Allen Hughes, judge of the Second Judicial District of Arkansas, in chambers at Jonesboro. After hearing the evidence, his Honor remanded the prisoner to the custody of the chief of police, and directed his imprisonment in the event the fine should not be paid. Petitioner brings certiorari in this court to correct the order of the judge below.

*Lamb & Gautney,* for petitioner.

A municipal corporation cannot contract in violation of the law of the land. Kirby's Dig. § 1174; 32 Ark. 619; 36 Ark. 577. *Basil Baker,* for respondent.

The ordinance was valid. 32 Ark. 619, 575; 36 Ark. 577; 8 Ark. 220.

HILL, C. J., (after stating the facts.) The act of December 14, 1875, entitled "An Act to Prevent Discrimination in County Warrants or County Scrip," which is section 1174, Kirby's "All warrants, scrip, acceptances or money shall be receivable for any taxes for city purposes, except for interest tax, and for all debts due the municipal corporation by whom the same were issued, without regard to the time or date of issuance of such warrant, scrip, acceptance or money, or the purpose for which they were issued." The ordinance in question prohibits the acceptance as payment of debts due the city of any warrant until the preceding warrants have been paid.

The warrants themselves attempt to carry in their face an agreement in accordance with the terms of the ordinance, and the sole question is the effectiveness of the ordinance or terms of the warrant. Judge Dillon said: "Ordinary warrants or orders, negotiable in form, may be made by the proper officers;

and in many of the States such instruments may be transferred by delivery or indorsement, and the holder sue thereon in his own name; yet they are not commercial or negotiable paper in the hands of holders, so as to exclude inquiry into the legality of their issue, or to preclude defenses thereto. Ordinary warrants drawn by one officer on another officer of the same corporation are not bills of exchange, as such bills involve the idea of two parties; but are orders by the corporation on itself—mere directions to the treasurer to pay the amount to the bearer." 1 Dillon, Municipal Corporations, § 487.

From the very nature of the warrant, as above explained, a contract with the creditor of the town or his assignee cannot be carried into this unilateral instrument. The creditor is not bound to accept any warrant, but may sue upon his original debt (1 Dillon, Mun. Corp. § 501), and the municipality cannot incumber its debt to him with stipulations contrary to the statute, and his assignee stands in his shoes, and has no greater or lesser rights.

In Nebraska a valid municipal contract was incumbered with illegal stipulations regarding certain funds out of which payment was to be made, and it was held that the illegal stipulations be rejected, and the contract deemed what it should be under the law, payable out of the general fund. *Nebraska City* v. *Gas Light Co.,* 9 Neb. 339. In Wisconsin town warrants were incumbered with statements that they were payable out of particular funds, which was unauthorized, and it was held that such designations did not change the legal effect of the warrants, and they were payable out of the general fund. *Montague* v. *Horton,* 12 Wis. 599; *Marvin* v. *Jacobs,* 77 Wis. 31.

It is plain, therefore, that the form of the warrants added nothing to their effect, and the question recurs on the ordinance itself. If it is valid, then the warrants were properly rejected; otherwise not.

In *City of Helena* v. *Turner,* 36 Ark. 577, the court said of the act of December 14, 1875: "There is nothing in this act to forbid contracts with corporations for payment in money specially, although it may apply to debts and obligations generally." In that case a contract to pay in currency of the United

States rental to the city of Helena for the exclusive forwarding and shipping privilege from certain lots of the city constituting a wharf was held not to be in conflict with the statute in question, and the decision is manifestly correct. It is far from being an authority here to sustain this ordinance, which does not deal with special contracts, but deals with the priority of the city's own evidences of general debts, and establishes a rule directly opposite to the statute in question, and is therefore void.

The judgment remanding the prisoner to custody, and directing his imprisonment unless other warrants than those in question were tendered, is erroneous, and is quashed.