## VALE *v.* BUCHANAN.

### Opinion delivered March 13, 1911.

1. COUNTIES—AUTHORITY TO ISSUE WARRANTS.—The power and authority to issue county warrants is derived solely from the statute, and before such warrants can be received in payment of the taxes and debts due the county they must conform to the provisions of the statute authorizing their issuance. (Page 301.)

2. SAME—DUTY OF OFFICERS TO RECEIVE COUNTY WARRANTS.—Under Kirby's Digest, § 1466, providing that "all warrants drawn upon the treasurer shall be paid out of any money in the treasury not otherwise appropriated, or out of the particular fund expressed therein, and shall be received, irrespective of their number and date, in the payment of all taxes and debts accruing to the county," it is the duty of the sheriff, collector or treasurer of the county to receive such warrants offered in payment of taxes or dues to the county, without regard to the date of their issuance. (Page 302.)

3. SAME—EFFECT OF MAKING WARRANTS PAYABLE IN FUTURE.—Where a claim against a county is not due, but the county court issued a warrant payable when the claim is due, such warrant is not receivable in payment of the taxes and debts accruing to the county until the claim is due and payable. (Page 303.)

4. COUNTY WARRANTS—NEGOTIABILITY.—County warrants are not negotiable instruments in the sense of the law merchant, and persons acquiring them take them with notice of the purpose for which they were issued and of the order of the county court authorizing their issuance. (Page 304.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*Greaves & Martin,* for appellant.

The warrants were a legal tender for any county indebtedness as soon as issued and without regard to their date, and that notwithstanding the contract. Const. art. 16, § 10; Kirby's Dig. § § 1174, 1466; 34 Ark. 356; 48 Ark. 247; 29 Ark. 354; 32 *Id.* 415; 36 *Id.* 490. A distinction is drawn between the availability of a warrant presented for redemption, and the same tendered

for taxes or indebtedness due the county. 54 Ark. 169; 37 Ark. 113; 39 *Id.* 139. See also 54 Ark. 169; 74 Ark. 498; 77 Ark. 250-257.

*J. B. Wood,* for appellee.

We agree that the contract was void. 44 Ark. 437; 7 *Id.* 80. There can be no allowance for depreciation of scrip. 31 Ark. 552; 4 Dill. 209. The warrants were not due nor payable nor redeemable before July 1, 1914, and were not a legal tender. They were receivable for taxes. 36 Ark. 487; 54 *Id.* 169; 7 Ark. 214; 103 U. S. 74.

The cases cited by appellant sustain our contention. (54 Ark. 169; 37 *Id.* 113; 39 *Id.* 139.) 36 Ark. 557; 25 Ark. 64.

Cancellation and reissue does not change the character of county warrants. Kirby's Dig. § § 1179, 1467; 44 Ark. 437; 47 *Id.* 205.

The collector could not impeach the warrant or the order (judgment) upon which it was issued collaterally. 37 Ark. 649; 22 *Id.* 595; 39 *Id.* 485.

FRAUENTHAL, J. On October 28, 1910, W. H. Vale, plaintiff below, applied to the defendant as collector of Garland County for a peddler's license in said county, and therefor tendered the amount required by law in payment of the State tax, and in payment of the county tax prescribed by section 6885 of Kirby's Digest he tendered an alleged order or warrant of said county drawn upon its treasurer for $25. The collector refused to accept said warrant, and the plaintiff instituted this action, asking for the issuance of a writ of mandamus commanding the defendant to receive said warrant and issue said license.

The defendant filed a response, in which he stated that he refused to accept the alleged order or warrant because it was not payable immediately or upon demand, but that by virtue of the order of the county court upon which it was issued, and of the terms of the alleged warrant, it was not due and payable until July 1, 1914.

The case was submitted to the court for its decision upon an agreed statement of facts. From this it appears that the warrant was issued upon a claim of the Arkansas Democrat Company, which was based upon a contract which it made with said county. On April 21, 1906, the Arkansas Democrat Company entered into

a written contract with the county court of Garland County whereby it agreed to furnish said county supplies and goods for its court house, and the county agreed to pay therefor the sum of $16,500 in county warrants, which, under the terms of contract, were payable July 1, 1914, and should state on their face that they were payable on such future date. The Arkansas Democrat Company performed its part of the contract, and an order of the county court was made stating that the above amount should be paid to it on July 1, 1914, and that warrants should be issued payable on said future date as per said contract, which was done. Subsequently, the Arkansas Democrat Company sold and transferred said warrants to the Hot Springs Savings, Trust & Guaranty Company. Afterwards there was a re-issue of the warrants of Garland County, made in manner provided by law, and warrants were re-issued in lieu of those formerly issued to the Arkansas Democrat Company. The order of the county court re-issuing said warrants stated that the debt was not due until July 1, 1914, and that the warrants issued thereon should not be due and redeemable until said future date, and the clerk was directed to indicate upon the face of the warrants themselves that they were not due and payable until July 1, 1914. The warrant involved in this suit is one of the above re-issued warrants. It was drawn upon the treasurer of said county in the ordinary form, but it stated upon its face that it was due July 1, 1914, and was payable to said Hot Springs Savings, Trust & Guaranty Company, which had notice of the contract and terms upon which it was issued.

The court dismissed the complaint, and the plaintiff has appealed to this court.

It is urged by counsel for plaintiff that this was a warrant duly issued by Garland County upon its treasurer, and that it was payable upon demand, and should be received in payment of any tax or debt accruing to said county. It is claimed that the statement upon the face of the warrant that it was payable at a future date was unauthorized by law, and therefore of no effect.

The power and authority to issue county warrants is derived solely from the statute, and before such warrants can be received in payment of the taxes and debts due to the county they must

conform to the provisions of the statute authorizing their issuance. When issued in the manner prescribed by law, "such warrants, irrespective of their number and date, should be received in payment of dues to the county." It is provided by section 1466 of Kirby's Digest that "all warrants drawn upon the treasurer shall be paid out of any money in the treasury not otherwise appropriated, or out of the particular fund expressed therein, and shall be received, irrespective of their number and date, in the payment of all taxes and debts accruing to the county." Under this provision it has been uniformly held by this court that it was the duty of the sheriff, collector or treasurer of the county to receive such warrants offered in payment of taxes or dues to the county, without regard to the date of their issuance. *Daniel* v. *Askew,* 36 Ark. 487; *Whitthorne* v. *Jett,* 39 Ark. 139; *Howell* v. *Hogins,* 37 Ark. 110.

But this court has never decided that a warrant which is payable in the future could be received in payment of taxes or dues to the county, irrespective of the date of the maturity of such warrant. Under our statutes, before a warrant or order can be issued upon the treasurer, it is necessary that there shall be an order or allowance therefor made by the county court. Kirby's Digest, § 1459. Before any claim or demand shall be allowed by any county court, it is required that the person presenting such demand and *"claiming the same to be due* should make affidavit to its justice and correctness." Kirby's Digest, § 1453.

Ordinarily, county courts are not authorized to issue warrants except in payment of county indebtedness. *Lusk* v. *Perkins,* 48 Ark. 238. And a claim does not ordinarily become a completed indebtedness until the maturity thereof.

We do not deem it necessary now to decide whether or not a county court is authorized to order the issuance of a warrant upon a claim which has not matured, but certainly it is not authorized to issue a warrant payable immediately upon such claim when the order itself shows that the claim has not matured. Where a claim against the county has not yet matured, the order of the court allowing same and directing its payment when due is but a finding that the claim is just and should be paid when it matures. The warrant issued thereon is simply an evidence of

the finding of the county court relative to the claim which has been presented against it. The validity of the warrant depends upon the regularity of its issuance, and it can be issued only in pursuance of the statute. In section 1459 of Kirby's Digest the form of such warrant is set forth, and therein it is made payable upon demand only. Such warrants are payable immediately, and we think that it was the evident intention of the Legislature to make only such warrants as are made payable immediately receivable in the payment of taxes and debts accruing to the county. The manifest purpose of providing for the issuance of warrants was to sustain the credit of the county, which could not make payment thereof, by providing for their use in the payment of taxes and debts due the county. *Worthen* v. *Roots,* 34 Ark. 356. In other words, it was the intent to permit the offset of the one debt against the other. But, until a claim had fully matured, it would not be such an indebtedness as would entitle it to be a setoff against an indebtedness which had matured. Until, therefore, the claim itself had matured, it could not be used as such setoff. The warrant, which is but the evidence of the claim, could not therefore be used as a setoff or payment of taxes and debts due the county until it had matured.

It is urged by counsel for plaintiff that the statement in the warrant that it was due July 1, 1914, was unauthorized and ineffective; and to sustain that contention the case of Ex parte *Willis,* 74 Ark. 498, is cited. But in that case it was simply held that a warrant or scrip of a city should be issued in the manner prescribed by law, and should contain no provision or statement contrary to the law, and any such contrary provision or statement would be ineffective. In that case it was stated in the scrip or warrant that it should not be receivable for taxes or debts before the payment of warrants previously issued. It was therein held that such provision was contrary to the statute providing for the issuance of such warrants or scrip, and therefore was illegal and ineffective. But in the case at bar the warrant was issued upon a claim based upon a contract. In that contract it was expressly agreed and provided that the claim should not be due or payable until a future date, and the order of the county court authorizing the issuance of the warrant expressly stated that it should not be due or payable until such future date. Thereupon the order or

warrant was issued, and stated on its face that it was not payable until such future date. If, under the statute, the county court is not authorized to pass upon a claim that has not matured and direct the issuance of a warrant therefor, payable in the future, then the warrant involved in this case was issued without authority of law, and it therefore was not receivable in payment of taxes or debts due the county. If, however, the order of the county court in passing upon such claim, which is payable in the future, is but a finding that such claim is just, and the issuance of the warrant thereon is but the auditing of the same, then it would not be effective as a warrant until it matured and became actually due. In such event it was not such a warrant as could be received in payment of the taxes and debts accruing to the county until it was due and payable. In either event the collector was justified in refusing to accept it in payment of the tax or debt which was actually due to the county.

The plaintiff obtained the warrant involved in this case from the holder thereof, but he is in no better position than the party to whom it was issued. The orders or warrants of a county are not negotiable instruments in the sense of the law merchant, and no one can become an innocent purchaser thereof, although he obtains same for value and before maturity. Every one receiving such a warrant takes the same with full notice of the purpose for which it was issued and of the order of the county court authorizing its issuance. *Lindsey* v. *Rottaken,* 32 Ark. 619; *Mayor* v. *Ray,* 19 Wall. 468; *Wall* v. *Monroe County,* 103 U. S. 74; *Ouachita County* v. *Walcott,* 103 U. S. 559; *First Nat. Bank* v. *Whisenhunt,* 94 Ark. 583.

But, in addition to this, the warrant involved in this case upon its face showed that it was not payable until July 1, 1914.

The judgment of the lower court in dismissing the complaint was correct, and it is affirmed.