## WATKINS *v.* FINGER.

Opinion delivered October 25, 1915.

WARRANTS—ORDER OF COUNTY JUDGE—VALIDITY—ACTION AGAINST COLLECTOR AND TREASURER—SUFFICIENCY OF COMPLAINT.—The complaint in an action in equity against the sheriff and collector and treasurer of a certain county alleged that the county court had appropriated a certain sum for bridge work in the county, but that the county judge had made contracts for such work vastly in excess of that

amount, and that warrants had been issued for the same, some of which the sheriff had received, not for taxes or any other demand due the county, but had changed them for other warrants, that the county clerk received the same from the sheriff, and registered the same as redeemed warrants, and prayed that the same be declared illegal. *Held*, the warrants were not void, although they might have been voidable, and the county treasurer would be warranted in paying the same, that the complaint, as it stood, was properly held bad on demurrer.

Appeal from Polk Chancery Court; *J. D. Shaver,* Chancellor; affirmed.

*Winchester & Martin,* for appellants.

1. The county court had no jurisdiction to make the allowances, because no advertisements for bids for the bridges nor material was made; and no contract let according to law. All the safeguards of the Constitution and statutes were ignored. 112 Ark. 550; 94 Ark. 311; 109 *Id.* 11; Kirby's Dig. § 555. The orders of allowance and the scrip were void. 54 Ark. 645; 98 *Id.* 490; 61 *Id.* 74.

2. These allowances are open to attack by the method adopted in this case. 73 Ark. 440; 50 *Id.* 447; 94 *Id.* 583.

3. If illegally and wrongfully issued the warrants should be cancelled. 9 Ark. 320; 33 *Id.* 788; 44 *Id.* 437; 103 *Id.* 468; 98 *Id.* 299; 25 *Id.* 261.

*W. M. Pipkin* and *J. I. Alley,* for appellees.

1. There is no order or judgment that could be rendered in this cause that would remedy the alleged frauds, or correct the errors claimed. The defendants merely did their duty. Kirby's Dig., § § 1169, 1165, 1174-5, etc.

2. Allowances of claims are judgments and cannot be collaterally attacked except for fraud or lack of jurisdiction. 22 Ark. 595; 37 *Id.* 532; *Ib.* 649; 39 *Id.* 485. This court is without jurisdiction. This is not a direct attack upon the judgments of allowance. 37 Ark. 532.

3. Plaintiff's have an adequate remedy at law. 118 Ark. 524. There is no showing that fraud was practiced so as to give chancery jurisdiction. 90 Ark. 166.

4. The warrants are not in the possession of these defendants, but if they were, the warrants would then be redeemed and not outstanding. If they have passed beyond the reach of the county court they are now beyond the reach of the chancery court. They were issued upon valid judgments and this is a collateral attack upon these judgments without such fraud or mistake alleged as gives jurisdiction.

SMITH, J. Appellants are citizens and taxpayers of Polk County, Arkansas, and alleged in their complaint that the county court of that county had, at its October term, 1913, appropriated the sum of $3,000 for building county bridges, but that during the year 1914 the county judge of said county made three separate contracts for bridges and bridge materials amounting in the aggregate to $20,119.00. It is alleged that some of the bridges so contracted for were bridges of the first class and others bridges of the second class, but that said bridges were built without specifications, or the appointment of commissioners, or without bids of any kind having been received, or without contracts therefor having been made. And it was further alleged that in the construction of said bridges the county judge paid twice the value of the material used, yet when claims for these materials were filed for allowance before the county court, the county judge allowed them in the full amount claimed, although he well knew that the affidavits attached to the respective claims, that the same had not been enlarged or enhanced because of the depreciated price in scrip, were false. It was alleged that no appeal was taken from the allowance of said demands against the county for the reason that the time for appeal had expired before appellants knew of the allowances. It is further alleged that "all of said warrants were illegally and wrongfully issued and that they do not constitute just and legal evidence of the indebtedness of Polk County, but before the filing of the original complaint in this action all of said warrants had been, for one purpose or another, turned into the hands of defendant H. W. Finger, sheriff of Polk County, and by

him turned over to the defendant W. E. Anderson, treas-
urer of said county." It was further alleged that of
said warrants so turned over to the treasurer by the
sheriff four of them were for the sum of $500 each, and
that these warrants had been received by the collector
in exchange for other warrants, that is, he had changed
larger warrants by giving warrants of smaller denomi-
nations. And it was further alleged that "on the 19th
day of March, 1915, said sheriff had received the sum of
$7,916.00 of this same lot of warrants, issued as aforesaid
to Boardman & Company, from a taxpayer who did not
pay his taxes, but only deposited these warrants with
the sheriff, and these the said sheriff delivered to the
county clerk of Polk County, who receipted the sheriff for
the same in the name of said treasurer, but not as county
clerk, nor as deputy of said treasurer, that this taxpayer
has not paid his taxes and holds no receipt from said
sheriff save for said warrants, but that the said county
clerk has entered said warrants upon the register of
redeemed warrants."

There was a prayer that said warrants be declared il-
legal and not binding obligations against the County of
Polk and that they be ordered cancelled.

Appellee filed a demurrer to this complaint, which
was sustained by the court below, and this appeal has
been duly prosecuted from that decree.

We understand the effect of the allegation above set
out to be that the sheriff received $2,000 worth of the
warrants in question which were not tendered in pay-
ment of taxes, or any other demand due the county, but
that he gave the smaller warrants for these larger ones;
in other words, he changed them.

We do not fully understand the effect of the allega-
tion in regard to the warrants deposited with the treas-
urer aggregating $7,916.00, but the complaint does al-
lege that the treasurer holds them as redeemed warrants
and has so listed them with the county clerk. Even if
the court below should have treated this demurrer as a
motion to make specific, the fact remains that the com-

plaint was not made specific but that appellants stood on their compaint and the same was dismissed without any offer to amend or make specific.

The allegations of the complaint in regard to the circumstances under which these warrants were issued raised very serious questions concerning their validity while they were outstanding, but under the allegations of the complaint we think those questions have not been raised in apt time. There is no allegation of fraud or collusion on the part of either the collector or the treasurer to defraud Polk County, or to aid any one in disposing of invalid warrants. Upon the contrary, the effect of the recitals of fact contained in the complaint is to allege that the treasurer now has in his hands a large amount of redeemed warrants the validity of which was questionable before their redemption.

We need not discuss here the effect of the action of the county court in making allowances for excessive amounts to compensate the depreciation in the value of county warrants. The law on this subject is fully discussed in the recent case of *Monroe County* v. *Brown*, 177 S. W. 40, 118 Ark. 524.

Nor need we consider here the effect of the action of the county court in building bridges without having advertised the contracts and without letting them to the lowest bidder. The complaint contains an allegation that an appropriation had been made for the purpose of building bridges, and the existence of this appropriation was the jurisdictional fact essential to the validity of the warrants, although a sufficiently large appropriation had not been made to cover the expenditures for that purpose. *Watkins* v. *Stough*, 103 Ark. 468; *Wiegle* v. *Pulaski County*, 61 Ark. 74.

These warrants were issued pursuant to an order of allowance made by the county court and they were not void, although they may have been voidable *pro tanto*, and these were such warrants, therefore, as the

county treasurer would have been protected in paying in good faith under the requirements of section 1165 of Kirby's Digest, which makes the treasurer liable for fourfold the amount of any warrant which he shall refuse to pay, if he have sufficient funds in his hands therefor.

It is true that in the case of *Vale* v. *Buchanan*, 98 Ark. 304, it was held that "the orders or warrants of a county are not negotiable instruments in the sense of the law merchant and no one can become an innocent purchaser thereof, although he obtains same for value and before maturity. Every one receiving such a warrant takes the same with full notice of the purpose for which it was issued and of the order of the county court authorizing its issuance."

These warrants were like past-due commercial paper, subject to any defense against the holder which could have been made against the person to whom the allowance was made. But this rule does not apply to appellees, who are sued in their official capacities. The treasurer was not a purchaser of these warrants and does not claim protection as such. He acts for the county and received the warrants for the county, and when they reached his hands they were redeemed. The allegations of the complaint are that they had been filed and listed as redeemed warrants, and they could not thereafter be reissued or further used for any purpose, and nothing further remained to be done with them except for the presiding judge of the county court, at the annual settlement with the treasurer, to write the word "Redeemed" across the face of each of these warrants and sign his name thereto as the final and conclusive evidence of the redemption. Section 1169 Kirby's Digest.

The judgment of the court below will, therefore, be affirmed.