## McGregor v. Miller.

### Opinion delivered April 4, 1927.

1. COUNTIES—FISCAL YEAR.—Under Amendment 11 to the Constitution authorizing counties, cities and towns to refund their existing indebtedness by issuing bonds, and prohibiting them from making any contracts or issuing any warrants in excess of the revenue for the current fiscal year, *held* that, the Legislature having declared, by Acts 1925, p. 608, that the fiscal year for issuing bonds shall begin on January 1 and end on December 31, the fiscal year as thus declared will be held to be the fiscal year for all purposes, including the determination whether allowances by the county court exceeded the county revenues during the fiscal year.

2. COUNTIES—NEGOTIABILITY OF COUNTY WARRANTS.—County warrants are not negotiable instruments within the law merchant, and persons taking them take with notice of the purpose for which they were issued and of the order of the county court authorizing their issuance.

3. COUNTIES—WARRANTS IN EXCESS OF REVENUE.—Under Const., Amdt. 11, county warrants issued, as well as contracts made, in excess of revenues for a fiscal year, are void, and the action of the county court in issuing such a warrant or in making an allowance on which such a warrant might later be issued is *coram non judice.*

4. COUNTIES—WARRANTS PARTLY IN EXCESS OF COUNTY REVENUE.—A warrant for $30, issued by the county court, which was $12.50 in excess of the county's revenue for the fiscal year, was not entirely void, but was void only to the extent of such excess, and the county court could reissue a warrant for $17.50.

5. COUNTIES—WARRANTS IN EXCESS OF REVENUE.—Under Const., Amdt. 11, a county warrant issued for an obligation incurred in the preceding year in excess of the revenues for that year is void, though the revenues for the year in which it was issued had not been expended when it was issued.

6. COUNTIES—RIGHTS OF HOLDER OF VALID WARRANT.—The holder of a valid county warrant may, by appropriate action, compel the receipt and payment of his warrant to the exclusion of an invalid warrant, and may, if necessary, enjoin the redemption of an invalid warrant, and a collecting officer of the county receives an invalid warrant at his peril, and is not entitled to take credit for it in his settlements.

Appeal from Woodruff Circuit Court, Northern District; *W. D. Davenport*, Judge; affirmed.

*W. J. Dungan,* for appellant.

*R. D. Smith, J. F. Summers* and *Roy D. Campbell,* for appellee.

Smith, J.   The judgment here appealed from was rendered upon an agreed statement of facts.   After declaring as a matter of law that the fiscal year for determining whether allowances made by the county court, under Amendment No. 11 to the Constitution, exceeded the county revenues, begins on January 1 and ends December 31, the court recited in the judgment the following facts:

Warrants for the fiscal year 1926 were issued in excess of the revenues for that year, and certain of these warrants found their way into the hands of the collector of the county, who sought, by mandamus, to compel the treasurer of the county to receive them from him in settlement of his collections for the county's account.   Warrant No. 622, which was for the sum of $30, was $12.50 in excess of the 1926 revenues.   The court found that this warrant was void as to this excess, but might be reissued for the sum of $17.50.   That certain warrants were issued in 1926 upon claims arising in 1925, and, when issued, were in excess of the 1926 revenues.   Certain other warrants were issued for such claims as the construction of a bridge (the necessity therefor being urgent), the fees of a juror, and electric current for lighting the courthouse, etc.   All these warrants were declared invalid for the reason that their allowance and issuance made the county's expenses exceed the county's revenues, and this appeal is prosecuted to review that judgment.

The present appeal involves the further construction of Amendment No. 11 to the Constitution, it being contended that the cases of *Kirk* v. *High,* 169 Ark. 152, 273 S. W. 389, 41 A. L. R. 782, and *Nelson* v. *Walker,* 170 Ark. 170, 279 S. W. 11, in which the amendment was interpreted, are not decisive of the questions raised on the present appeal.

So much of the amendment as it is necessary here to consider reads as follows: "The fiscal affairs of coun-

ties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk, or any other county officer, sign or issue any scrip, warrant, or make any allowance in excess of the revenue from all sources for the current fiscal year; nor shall any city council, board of aldermen, board of public affairs, or commissioners of any city of the first or second class or any incorporated town, enter into any contract or make any allowance for any purpose whatsoever, or authorize the issuance of any contract or warrants, scrip or other evidences of indebtedness, in excess of the revenue for such city or town for the current fiscal year; nor shall any mayor, city clerk, or recorder, or any other officer or officers, however designated, of any city of the first or second class or incorporated town, sign or issue any scrip, warrant or other certificate of indebtedness in excess of the revenue from all sources for the current fiscal year.''

It is pointed out that neither of the opinions above referred to define the ''fiscal year'' mentioned in the amendment, and we are asked to decide when this year begins and ends.

The amendment was adopted by the people at the general election in 1924, as declared in the case of *Brickhouse* v. *Hill,* 167 Ark. 513, 268 S. W. 865, the opinion in that case being delivered February 16, 1925. Thereafter the General Assembly, which was in session at the time of the rendition of this opinion, passed act No. 210, which was an act entitled ''An Act to facilitate the funding of the debts of counties, cities and incorporated towns.'' This act was approved March 23, 1925. Acts 1925, p. 608.

This was an enabling act to make effective the provisions of the amendment authorizing counties, cities and towns to refund their existing indebtedness by issuing bonds. Section 7 of this act reads as follows: ''The fiscal

year of each county, city and town in this State shall begin with the first day of January and end at midnight on the 31st day of December of each year."

Having declared when the fiscal year shall begin and end for one purpose, we perceive no reason why, within the meaning of the amendment, the year designated should not be the fiscal year for all purposes of the amendment. We do not think the amendment contemplated that there would be one fiscal year for some purposes of the amendment and a different fiscal year for other purposes. The amendment itself did not provide when the fiscal year should begin and end, and this was done by the enabling act herein referred to, and, having declared that the fiscal year should begin on the 1st day of January and end December 31 for one purpose, we hold that the year thus defined is the fiscal year for all purposes of the amendment.

Counsel recognizes the effect of our decisions in the cases of *Kirk* v. *High* and *Nelson* v. *Walker, supra.* Indeed, there appears to be no reason to misapprehend their purport. They construe the amendment to mean what it plainly says, that is, that counties, cities and towns shall not expend in any year or make allowances covering obligations incurred in excess of the revenues for the year in which such expenses were incurred or obligations made. We recognized and declared the drastic effect of the amendment, and it is unnecessary to repeat here what was there said.

Counsel for appellant argues that these former decisions do not relate to warrants actually issued, although they were in excess of the revenues. It is argued that these warrants are negotiable instruments and that title thereto passes by delivery, and that, if the county issues these negotiable obligations to pay, many innocent purchasers may acquire them, and that it would be a fraud to declare such warrants void.

In answer to these contentions it may be first said that county warrants are not negotiable instruments in the sense of the law merchant, and persons acquiring

them take them with notice of the purpose for which they were issued and of the order of the county court authorizing their issuance. *Vale* v. *Buchanan,* 98 Ark. 299, 135 S. W. 848; *Watkins* v. *Finger,* 120 Ark. 476, 179 S. W. 653.

But another and more effective answer is that warrants issued, as well as obligations incurred, which are in excess of the revenues, are void, and the action of the court in issuing a warrant, or in making an allowance upon which a warrant might later be issued, is *coram non judice,* and said warrants and allowances are void.

We think the court was correct in holding that the $30 warrant was not entirely void, but was void only to the extent that it was in excess of the revenues of the county for the year in which it was issued, and the county court may therefore reissue that warrant as ordered by the court below.

The judgment of the court below accorded with the views here expressed, and the judgment to that effect is affirmed.

SMITH, J., (on rehearing). Counsel, in the petition for rehearing, calls attention to the fact that one of the county warrants here involved was issued in 1926 for a claim arising in 1925, and points out that, at the time this allowance was made, the 1926 revenues had not been expended. This does not alter our conclusion. This claim was void because it was an obligation incurred in the year 1925 in excess of the revenues of that year. We think we have made it plain that a county cannot incur any obligation in any year which exceeds the revenues of that year, and, if this is done, such obligations are void, and cannot be paid out of the revenues of a succeeding year. If this could be done, obligations could thus be carried from one year to another. The revenues of one year would be applied to the discharge of obligations of a previous year, and one of the purposes of the amendment was to prevent this from being done.

The brief on the petition for rehearing discusses the question of priority of warrants issued by a county where the total amount of warrants issued exceeds the

revenues. This is a condition which the amendment was intended to prevent. If such a condition arises, those warrants issued in excess of revenues are void. Those warrants are valid which, at the time of their issuance, do not exceed the revenues. All others are void. The holder of a valid warrant may, by an appropriate action, compel the receipt and payment of his warrant, to the exclusion of an invalid warrant, and he may, if necessary, enjoin the redemption of an invalid warrant. More than that, the invalid warrant cannot be received by any collecting officer of the county, and the officer who does receive it does so at his peril, and is not entitled to take credit for it in any settlement of his accounts, because the warrant is void. It is issued without authority, and the action of a collecting officer in receiving it cannot give it validity.

It is argued that this construction will in some cases work hardships, and has done so in the instant case. If this is true, it can only be answered, as we said in the original opinion herein as well as in the previous cases there cited, that the plain and obvious purpose of the amendment was to prevent counties from expending in any year, for any purpose, any sum in excess of the revenues for that year.

The petition for rehearing is therefore overruled.