DIXIE CULVERT MANUFACTURING COMPANY *v.* PERRY
COUNTY.

Opinion delivered May 23, 1927.

COUNTIES—VALIDITY OF CONTRACT.—A contract of a county for culverts purchased and used in 1926, to be paid for from revenues of a succeeding year, is unenforceable, notwithstanding the county court's order showing it was imperative to purchase them, since such order was void, under Amendment No. 11 to the Constitution.

Appeal from Perry Circuit Court; *Richard M. Mann,* Judge; affirmed.

*Horace Chamberlin,* for appellant.

*Boyd Cypert,* for appellee.

HART, C. J.  This is an appeal by the Dixie Culvert Manufacturing Company to reverse a judgment of the circuit court affirming the judgment of the county court disallowing its claim for materials furnished Perry County and used by it in constructing culverts.

The facts are undisputed, and the case was tried in the county court and in the circuit court upon the same facts. During the year 1926 the Dixie Culvert Manufacturing Company furnished to Perry County certain materials which were used in constructing culverts in said county. The company charged Perry County the usual price for such materials, and furnished an itemized statement of the materials so furnished. In the fall of 1926 it became apparent that Perry County would not be able to pay said company for the materials furnished. On the 27th day of November, 1926, the judge of the county court caused to be spread upon the records of the Perry County Court an order in which it is recited that it was found imperative to purchase, in 1926, culverts to use in the proper drainage of the roads of the county during said year. The order recites that the county judge, in his official capacity, entered into an oral contract with the Dixie Culvert Manufacturing Company to furnish Perry County with culverts of certain grades and sizes, which are set out in detail in the order. The aggregate price of said materials amounted to $2,424.76. The order further recites that said county judge and said Dixie Culvert Manufacturing Company contracted for the delivery of said materials in Perry County in 1926 to be paid for in 1927 out of the road funds of said county for that year. The Dixie Culvert Manufacturing Company presented its petition to the county court of Perry County on the 17th day of January, 1927, asking that its claim in the sum of $2,424.76 for culverts purchased by Perry County in 1926 to be paid for out of the revenues of the county for road purposes received during the year 1927. An itemized statement of the materials furnished was filed with the petition. This statement shows that the materials were furnished and were used by the county in the construction of culverts during the year 1926.

The county court found, under the facts stated, that the contract made by Perry County with the Dixie Culvert Manufacturing Company was invalid and unenforce-

able. Judgment was accordingly rendered, disallowing the claim. The circuit court, after hearing the same evidence, was of the opinion that said contract was void, and it was adjudged that the judgment of the county court made on January 17, 1927, should be affirmed.

The judgment was correct. As we have already seen, the culvert material was purchased in 1926 and used by the county in constructing culverts during that year. It is true that there was an order of the county court showing that it was imperative to purchase said material and use it in the construction of culverts in order to drain the roads and prevent them from being greatly damaged. This order of the county court, however, was absolutely void under what is termed Amendment No. 11 to our Constitution. *Kirk* v. *High,* 169 Ark. 152, 273 S. W. 289, 41 A. L. R. 782; *Nelson* v. *Walker,* 170 Ark. 172, 279 S. W. 11; and *McGregor, Collector,* v. *Miller, Treasurer,* 173 Ark. 459, and 30 Law Rep. 225, 293 S. W. 30.

In the case last cited it was expressly said that a county cannot incur any obligation in any year exceeding the revenues of that year, and, if this is done, such obligations are void and cannot be paid out of the revenues of a succeeding year. The court pointed out that, if this course could be pursued, obligations could be carried from one year to another, and in effect would nullify, to a certain extent, one of the purposes of the amendment. This was precisely what was attempted to be done in the case at bar. The materials were purchased and used by Perry County in 1926. When it was found that the revenues of that year would not be sufficient to pay for the material, it was agreed between the claimant and Perry County that the claim should be paid out of the road funds for 1927.

No useful purpose could be served by again stating the reasons for our holding in the cases above cited. We deem it sufficient to say that the facts of this case bring it squarely within the principles of law decided in the cases cited. Therefore the judgment of the circuit court will be affirmed.