MILLER *v.* STATE, USE WOODRUFF COUNTY.

Opinion delivered January 23, 1928.

1.  COUNTIES—WARRANTS ISSUED IN EXCESS OF REVENUE.—Under Amend. 11 to the Constitution (Acts 1925, p. 1086), county warrants issued in excess of revenues for the fiscal year are void.

2.  COUNTIES—VALIDITY OF WARRANTS.—Warrants issued for existing indebtedness of the county, at a time when there was insufficient money in the county treasury to redeem them in the year of their issuance, are not on that account invalid, since the inhibition of the Const. Amend. 11 is that expenditures shall not exceed the revenues, and it is a violation of the inhibition which renders the allowance of warrants invalid.

3.  COUNTIES—WARRANTS ISSUED FOR OUTSTANDING INDEBTEDNESS.— While a county cannot increase the amount of its existing indebt-

edness by incurring debts in excess of its current revenue, it is not an increase of indebtedness within Amend. 11, where a county, which cannot redeem all outstanding indebtedness, at the beginning of a fiscal year issues warrants which cannot be redeemed through lack of funds, but which, when issued, are not in excess of indebtedness outstanding at the end of the prior fiscal year.

4. COUNTIES—REDEMPTION OF WARRANTS.—County warrants issued in any year which did not exceed the revenue of the county for that year are redeemable in the ensuing year, though payment thereof makes it impossible to redeem warrants issued that year, and hence where the revenues of a county for 1927 were $29,-738.20 and the expenditures $21,196.48, the county treasurer should be allowed credit for redemption of $19,441 of outstanding warrants, though a sufficient sum did not remain in the treasury to redeem the warrants issued in 1927.

Appeal from Woodruff Circuit Court, Northern District; *W. D. Davenport,* Judge; reversed.

*W. J. Dungan* and *J. F. Summers,* for appellant.

*Roy D. Campbell,* for appellee.

SMITH, J. Appellant became the county treasurer of Woodruff County on January 1, 1926, and is now acting in that capacity. Notice was served on him that, on October 10, 1927, his quarterly settlements previously filed and approved in the year 1927 would be examined for errors in allowing improper credits in said settlements. The county court found that the treasurer had been improperly allowed credits for certain warrants, most of which had been paid him by the collector on account of the collection of the 1926 taxes. From this order an appeal was duly prosecuted to the circuit court, where the court found that certain warrants, which had been issued in the years 1925 and 1926, but which had been reissued in May, 1927, under an order of the county court calling in outstanding warrants for reissuance, had been received by the county treasurer in satisfaction of demands in favor of the county aggregating $19,441; that, having received these warrants, there did not remain in the treasury enough money to redeem other warrants which had been issued in payment of the county's expenses for the fiscal year 1927.

It was shown in the trial below that the revenues of the county for the year 1927 were $29,738.20, and that the expenditures for that year were $21,196.48, but, as the treasurer had received $19,441 of warrants outstanding at the beginning of the year 1927, there did not remain in the county treasury enough money to redeem all the warrants issued in the year 1927, and the court held that this must first be done before the treasurer would be authorized to receive for any purpose any warrant outstanding at the beginning of that year, and, upon this theory, adjudged that the county treasurer had been improperly allowed credit for such warrants. In other words, the warrants issued in 1925 and 1926, and which were reissued in 1927, were valid warrants, but, by receiving and redeeming them, there was not left sufficient funds to redeem all the warrants issued in 1927, and it was held by the circuit court that such warrants could not be redeemed until all the expenses of 1927 had first been paid.

Counsel review the recent decisions of this court construing the amendment to the Constitution commonly referred to as Amendment No. 11, and it is insisted that the opinion in the case of *McGregor* v. *Miller,* 173 Ark. 459, 293 S. W. 30, decided April 4, 1927, and the opinion on rehearing in the same case, delivered April 25, 1927, are controlling here, and support the finding of the court below.

We have here, however, a different state of facts. There a certain warrant which had been issued in 1926 was, together with other warrants which had been previously issued in that year, slightly in excess of the total revenues of the county for that year, and we held that, to the extent of this excess, the warrant was void, but that it might be reissued in an amount which, in connection with other warrants previously issued, did not exceed the total revenues of that year. Certain other warrants were issued in 1926 on demands which arose in the prior fiscal year of 1925 and which, when issued, were in excess

of the 1926 revenues. In elucidating the original opinion we said, in the opinion on the rehearing, that:

"We think we have made it plain that a county cannot incur any obligation in any year which exceeds the revenues of that year, and, if this is done, such obligations are void, and cannot be paid out of the revenues of a succeeding year. If this could be done, obligations could thus be carried from one year to another. The revenues of one year would be applied to the discharge of obligations of a previous year, and one of the purposes of the amendment was to prevent this from being done."

We there further said:

"Those warrants are valid which, at the time of their issuance, do not exceed the revenues. All others are void. The holder of a valid warrant may, by an appropriate action, compel the receipt and payment of his warrant to the exclusion of an invalid warrant, and he may, if necessary, enjoin the redemption of an invalid warrant. More than that, the invalid warrant cannot be received by any collecting officer of the county, and the officer who does receive it does so at his peril, and is not entitled to take credit for it in any settlement of his accounts, because the warrant is void. It is issued without authority, and the action of a collecting officer in receiving it cannot give it validity."

We were, of course, there speaking of void warrants, and the thing which made them void was that they were in excess of the revenues for the year in which they were issued.

For the same reason the claim involved in the case of the *Dixie Culvert Co. v. Perry County*, 174 Ark. 107, 294 S. W. 381, was held void. The county court had contracted an obligation which, in conjunction with other obligations previously contracted, was in excess of the county's revenue for the year in which the obligation was incurred, and we held the contract void for that reason.

We have here a wholly different case. The warrants were not invalid at the time of their issuance; at

least they are not shown to have been so. There was not enough money in the county treasury to redeem them in the year of their issuance, but they were not invalid on that account. The inhibition of the amendment is that expenditures shall not exceed revenues, and it is a violation of this inhibition which renders the allowance invalid.

In the case of *Nelson* v. *Walker,* 170 Ark. 170, 279 S. W. 11, we quoted from the prior case of *Kirk* v. *High,* 169 Ark. 152, 273 S. W. 389, 41 A. L. R. 782, as follows:

"We think the amendment means just this: That, if a county, city or town avails itself of the provisions authorizing the taking up of its outstanding indebtedness, it shall not thereafter draw warrants upon the treasurer for an amount in excess of its annual revenues. It must stay out of debt. It means, further, that, if a city, county or town has any outstanding unpaid warrants which it does not take up by issuing bonds as authorized by the amendment, it must not add to its existing indebtedness by issuing more warrants than can be paid out of the revenues of the current year."

A county, whether it issued bonds or not, cannot increase the amount of its existing indebtedness; but it is not an increase of indebtedness if a county, which cannot redeem all its outstanding warrants, issues others which cannot be redeemed through lack of funds, but which, when issued, are not in excess of the indebtedness outstanding at the end of the prior fiscal year. To illustrate: If a county has an outstanding indebtedness of $19,441, as Woodruff County had at the beginning of the fiscal year, it may, during that year, issue warrants which, while they cannot be redeemed, do not exceed the indebtedness existing at the beginning of that year. The amendment does not prohibit this. The prohibition of the amendment is against increasing the amount of the indebtedness.

The case of *Polk County* v. *Mena Star Co.,* 175 Ark. 76, 298 S. W. 1002, delivered October 17, 1927, is directly in point. There allowances were made by the county

court in the year 1925 which did not equal the revenues of that year, but the redemption of valid outstanding warrants out of the revenues of that year made. it impossible to redeem all the claims contracted and allowed that year. This was true also in the year 1926, so that there remained outstanding warrants which could not be redeemed. It was held that these facts did not prevent· the county from ·contracting necessary obligations which could 'be paid only by the issuance of warrants which could not be redeemed out of the revenues of 1926, and that such obligations might be paid out of the revenues of a subsequent year. This was true because these last obligations, which were paid by warrants. which could not be redeemed in the year of their issuance, were not expenditures in excess of revenues. The county did not, in issuing those warrants, which could not be redeemed in the year of their issuance, increase the county's indebtedness.

We held, in the cases of *Kirk* v. *High*, 169 Ark. 152, 273 S. W. 389, 41 A. L. R. 782; *Ivy* v. *Edwards*, 174 Ark. 1167, 298 S. W. 1006, and *Lake* v. *Tatum*, 175 Ark. 90, 1 S. W. (2d) 554, that a county may build a courthouse, although its cost could not be paid out of the revenues of the year in which its construction was authorized, but that this could be done only when it had been ascertained that, by distributing the payment of the cost over a period of years, these installments of cost would not, in connection with the other essential expenses of government, exceed the revenues of the county for the years in which such payments were to be made. In the last of those cases, that of *Lake* v. *Tatum*, we said that: "In other words the limit of the amount for which a county may contract for in any one fiscal year is the difference between the amount of its necessary governmental expenses or fixed charges in running its government and the total county revenue which can be derived from levying and collecting county taxes in any one year"; and that, if a county makes a contract which requires payments over a period of years, these payments must be taken into account·in

determining what other expenses may be incurred, and that the total expenditures, including such payments, shall not exceed the revenues.

But here, as in the case of *Polk County* v. *Mena Star Co., supra,* expenditures have not exceeded revenues. The receipt by the collector and the redemption by the treasurer of valid warrants, which those officers could not refuse when tendered in payment of any demand due the county, made it impossible to redeem all the warrants issued in the year 1927, but those unredeemed in the year of their issuance may be redeemed, as was said in that case, out of the revenues of a subsequent year, and this is true because, in so doing, the indebtedness of the county is not increased.

The original order of the county court allowing the treasurer credit for these valid outstanding warrants was correct, and the later order of the county court and that of the circuit court on appeal were erroneous, and the judgment here appealed from will be reversed, and the cause remanded, and the circuit court will direct the county court to allow the treasurer credit therefor.