CHESNUTT *v*. YATES.

Opinion delivered July 2, 1928.

*John N. Cook,* for appellant.

*J. D. Shaver, Henry Moore, Jr.,* and *Ben E. Carter,* for appellee.

McHANEY, J. This action was brought by appellant, a citizen and taxpayer of Miller County, to enjoin appellee, as collector of Miller County, from paying to the treasurer of the city of Texarkana $20,000 in warrants issued by the city to various persons, employees and others, to whom the city was indebted, during the year 1926. The city treasurer, the State National Bank and the Southern Surety Company were all made party defendants.

It appears from the pleadings and the evidence that, subsequent to the adoption and effective date of the so-called Amendment No. 11 to the Constitution of this State, December 7, 1924, up to and including December 31, 1924, the city of Texarkana allowed claims and issued warrants in excess of its revenues for the same period of time in the sum of $4,828.59; that for the year 1925 the city allowed claims and issued warrants in excess of its revenue for that year in the sum of $13,279.13; and that for the year 1926 the city allowed claims and issued warrants in excess of its revenue in the sum of $4,199.84, making a total for the three years of $22,-307.56 of allowances made and scrip issued in excess of its revenues for those years.

It further appears that all the warrants which are involved in this controversy were issued in 1926. It further appears that, during the fall of 1926, $20,000 was borrowed from the State National Bank by the mayor and chairman of the finance committee of the city

council, the chairman of the finance committee executing in the name of the city his four promissory notes, one for $7,500, one for $2,500 and two for $5,000 each, which were indorsed by the mayor and the chairman of the finance committee and the amount thereof placed to the credit of the city treasurer. As the city drew its warrants to pay its debts for which the city council, from time to time, had made allowances, the city treasurer paid same out of said funds so borrowed from the State National Bank, and attached the warrants so taken up to the notes held by the State National Bank as collateral thereto. In the spring of 1927 the collector of Miller County took up these warrants to the extent of $20,000 in the hands of the State National Bank and turned them in to the city in making his settlement with the city. This had the effect of retiring the notes given to the bank. The interest thereon was paid from time to time by the city. It is not alleged or attempted to be proved that any of the parties to this transaction realized any profit therefrom. The warrants that were taken up by the city treasurer out of the funds borrowed from the bank were taken up at par. The court dismissed the bill for want of equity, dissolved the temporary injunction theretofore issued, and this appeal is from that judgment.

As heretofore stated, this action arises under and grows out of Constitutional Amendment No. 11, the pertinent part of which reads as follows:

"The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis * * *; nor shall any city council, board of aldermen, board of public affairs, or commissioners of any city of the first or second class, or any incorporated town, enter into any contract or make any allowance for any purpose whatsoever, or authorize the issuance of any contract or warrants, scrip, or other evidences of indebtedness in excess of the revenue for such city or town for the current fiscal year; nor shall any mayor, city clerk, or recorder, or any other officer or officers,

however designated, of any city of the first or second class, or incorporated town, sign or issue any scrip, warrant or other certificate of indebtedness in excess of the revenue from all sources for the current fiscal year."

This amendment was declared adopted by this court in *Brickhouse* v. *Hill,* 167 Ark. 513, 268 S. W. 865. It was held to become effective December 7, 1924, in *Matheny* v. *Independence County,* 169 Ark. 925, 277 S. W. 22.

In *Kirk* v. *High,* 169 Ark. 152, 273 S. W. 389, this court said:

"We think the amendment means just this: that, if a county, city or town avails itself of the provision authorizing the taking up of its outstanding indebtedness, it shall not thereafter draw warrants upon the treasurer for an amount in excess of its annual revenue. It must stay out of debt. It means further that, if a city, county or town has any outstanding unpaid warrants which it does not take up by issuing bonds as authorized by the amendment, it must not add to its existing indebtedness by issuing more warrants than can be paid out of the revenues of the current year." The city of Texarkana issued bonds to take up its indebtedness to December 7, 1924.

In *Nelson* v. *Walker,* 170 Ark. 170, 279 S. W. 11, after quoting the above from *Kirk* v. *High,* the court said:

"In other words, the amendment leaves nothing to the discretion of the county judge in increasing the county's outstanding indebtedness. He has no power to do so. It must be conceded that this interpretation of the amendment makes it far-reaching and drastic, but it is so written in the amendment, and we cannot hesitate to declare the effect of its plain and unambiguous language."

In *McGregor* v. *Miller,* 173 Ark. 459, 293 S. W. 30, in the opinion on rehearing, the court said:

"The brief on the petition for rehearing discusses the question of priority of warrants issued by a county where the total amount of warrants issued exceeds the

revenues. This is a condition which the amendment was intended to prevent. If such a condition arises, those warrants issued in excess of revenues are void. Those warrants are valid which, at the time of their issuance, do not exceed the revenues. All others are void. The holder of a valid warrant may, by an appropriate action, compel the receipt and payment of his warrant, to the exclusion of an invalid warrant, and he may, if necessary, enjoin the redemption of an invalid warrant. More than that, the invalid warrant cannot be received by any collecting officer of the county, and the officer who does receive it does so at his peril, and is not entitled to take credit for it in any settlement of his accounts, because the warrant is void. It is issued without authority, and the action of a collecting officer in receiving it cannot give it validity.''

It will therefore be seen from the foregoing that contracts made and warrants issued by the city of Texarkana during the year 1926, at a time when the revenues for that year had not been exceeded, were valid. The record in this case fails to disclose whether these particular warrants in the hands of appellee were issued before or after the revenues for the current year had been exhausted. The presumption of law is that they are valid, as they appear to be so on their face, and the burden of proof rested upon appellant to show the invalidity of the particular warrants in controversy. The total revenues for the city of Texarkana for the year 1926 amounted to $88,062.28. The total amount of scrip issued during that year was $92,261.17, making an excess of scrip over revenues of $4,199.89. Appellant was not able to testify, nor did any other witness, that these particular warrants were invalid at the date of their issuance. Having failed to show the invalidity of these particular warrants, appellant must fail in this action. The decree of the chancery court is therefore correct, and it is affirmed.