NORMAN *v.* BLAIR.

Opinion delivered June 18, 1928.

*George M. Bennett,* for appellant.

*Evans & Evans,* for appellee.

HUMPHREYS, J. Appellants brought this suit in the chancery court of Logan County, Southern District, on behalf of themselves and all other taxpayers in said county, against appellees, consisting of the county judge, clerk, courthouse commissioners and the contractors, to enjoin the construction of a courthouse at Booneville, the county seat of the Southern District, pursuant to the direction of the quorum court, the orders of the county court and the provisions of the contract entered into between the courthouse commissioners and the county judge on the one part, and the contractors on the other, and to prevent the issuance of county warrants to pay for same. The injunction was sought upon two grounds, the first being that the contract was let for an excessive amount on account of being payable in scrip or warrants, in installments of equal amounts, covering a period of fifteen years, instead of being let for cash, in violation of § 1, article 16, of the Constitution of the State of Arkansas, which is as follows:

"Neither the State nor any city, county, town or other municipality in this State shall ever loan its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness (a), except such bonds as may be authorized by law to provide for and secure the payment of the present existing indebtedness, and

the State shall never issue any interest-bearing treasury warrants or scrip."

And the second ground being that, after paying the necessary expenses out of the revenues derived from all sources, there will not be sufficient revenue left each year to pay the installments to become due under the contract for the construction of the courthouse.

(1). This court ruled in the case of *Watkins* v. *Stough,* 103 Ark. 468, 147 S. W. 443, that:

"Where a contract for constructing county bridges or other work is let to the lowest bidder, as required by law, the contract price is the measure of the contractor's rights, and not the customary cash market price for materials furnished or work done; and, unless fraud or collusion to increase the price by reason of payment in depreciated warrants be shown, the contractor is entitled to recover the contract price."

In approving and applying the doctrine of the Watkins case to a contract for the construction of a courthouse, this court stated in the case of *Stone* v. *Mayo,* 135 Ark. 127, 204 S. W. 751:

"That case controls this. Here was a straight contract for the construction of the courthouse for $91,806.90. There was no evidence of any collusion among the bidders to perpetrate a fraud on the court, to have the contract let at a higher price because of the depreciated value of the county warrants, nor is there any testimony to warrant the conclusion that the county court entered into collusion with the contractor to give him the contract at an increased price because the value of the county scrip was less than par. The fact that the bidders made inquiry and ascertained that the value of the county warrants was less than par, and made their bid with such knowledge, does not establish that there was a collusion between them to stifle the bidding and to defraud the court by securing a contract at a higher price on account of the depreciated value of the county warrants. There is no allegation that the county court, or its commissioner, or the bidder, in

securing the contract, were guilty of any fraud. The complaint sets out the bid, which, strictly construed, on its face calls for the payment of $91,000 in county warrants at '70-125 base,' which would necessitate the issuance of county warrants to the amount of about $118,000. If the contract had been expressed in these terms, there would be grounds for saying that, upon its face, it was a fraud upon the court, but, as already stated, the contract calls for the payment of $91,000 in county warrants, without any increase of the contract price on account of the warrants being below par.''

In the instant case a straight contract was let to the lowest bidder, payable in county warrants in fifteen equal annual installments, for the construction of the courthouse, in accordance with plans and specifications therefor. There is no allegation in the complaint nor evidence of fraud or collusion between the contracting parties that the bid should be increased by adding carrying or interest charges thereto and including same in the warrants. The contract does not offend against § 1, article 16, of the Constitution, and is constitutional and valid under the rule announced in the Stone and Watkins cases, *supra*.

(2). The trial court found, from the answer of appellants and the testimony of other witnesses, that, after investigating the income of the county from all sources and the necessary governmental expenses, there will be a margin or surplus left, after paying the necessary expenses of government, if spread over a period of fifteen years, to pay the contract price of $86,273 for the construction of the courthouse. His finding is sustained by the appellee's answer, which appellant agreed stated the facts, and which, by agreement, was inserted in the bill of exceptions as a true statement of the facts. The weight of the evidence of the county judge and commissioner, when read together, also sustains the finding of the trial court upon this point.

No error appearing, the decree dismissing appellants' complaint for want of equity is affirmed.