COOK *v.* SHACKLEFORD.

4-4104

Opinion delivered January 20, 1936.

*Fred A. Donham* and *Owens & Ehrman,* for appellants.

*John D. Shackleford,* for appellee.

MEHAFFY, J. The appellee brought this suit in the Pulaski County Chancery Court alleging that during the years 1931 and 1932 the then county judges unlawfully contracted debts against the county which could not be paid under the provisions of Amendment No. 10 to the Constitution of the State of Arkansas because said contracts and indebtedness were in excess of the revenues for the years in which the contracts were made. It was alleged in the complaint that the contracts were void.

Appellants filed answer admitting the facts stated in the complaint, but denied that the contracts and indebtedness upon which the claims were based are void, and denied that the payment of the claims would violate the provisions of Amendment No. 10 of the Constitution of the State.

The case was tried on the following stipulation of facts:

"First. It is agreed that the plaintiff is a resident and taxpayer of Pulaski County; that R. A. Cook, B. T. Hoff and R. E. Kinstley are the duly elected, qualified and acting county judge, county clerk and county treasurer, respectively, of Pulaski County, Arkansas;

"Second. That during the years 1931 and 1932 contracts were entered into by the duly authorized officials of Pulaski County for the payment of money from the county general revenue fund that were in excess of the general revenues from all sources for the respective years in which the contracts were made and the indebtedness was created; that claims have been duly filed against the general revenue fund of Pulaski County for different amounts for the approval and allowance of the county court to pay said indebtedness in a total sum of approximately thirty thousand dollars ($30,000); that the claims are for services rendered and merchandise furnished Pulaski County in the operation of its affairs and are just claims but could not be paid because they were in excess of the general revenues for the years in which the contracts were made;

"Third. That the list of claims attached to the plaintiff's complaint are all the just claims against the Pulaski County general revenue fund that have not been adjudicated by a court of competent jurisdiction and are the only claims that the defendants have expressed their intention to pay from the general revenue fund;

"Fourth. That during the year 1934 there was created a surplus in the Pulaski County general revenue fund in the sum of thirty-three thousand, five hundred twenty-three and no/100 dollars ($33,523) in excess of the expenditures from the general revenue fund for the fiscal year of 1934; that Pulaski County's general revenue fund for the year 1935 is sufficient to pay said county's expenses without the use of the surplus created during the year 1934; that the levying court of Pulaski County at its meeting on January 7, 1935, appropriated the said sum of thirty-three thousand, five hundred twenty-three and no/100 dollars ($33,523) for the payment of claims against the general revenue fund that were created by the contracts entered into during the years 1931 and 1932, except those claims created during the years 1931 and 1932 that have been adjudicated by a court of competent jurisdiction as being void and such other claims that, upon hearing, may be found to be fraudulent."

46

The chancery court held the claims involved in this suit void, as violative of Amendment No. 10 to the Constitution of the State of Arkansas, and issued an order permanently restraining and enjoining the approving or paying of any of these claims. The case is here on appeal.

The only question for us to decide is whether contracts made, or indebtedness created in excess of the revenues from all sources for the years in which the contracts are made, are void.

Amendment No. 10 has been construed by this court many times and in the case of *Stanfield* v. *Friddle*, 185 Ark. 873, 50 S. W.(2d) 237, we said: ''The law may therefore be regarded as definitely settled that any contract entered into or allowance made in excess of the revenues of the year in which the contract was entered into, or the allowance made, is wholly void, and the issuance of any county warrants based thereon, adds nothing to their validity, as the warrants are also void.''

We have many times approved the statement of the law as set out above. In the case of *Pulaski County* v. *Board of Trustees of Arkansas Tuberculosis Sanitorium*, 186 Ark. 61, 52 S. W. (2d) 972, we said: ''While it is to be regretted that the situation is such that the appellee cannot collect its just claims, yet the plain provisions of the Constitution compel the conclusion herein reached.''

If a contract in excess of the revenue could be paid under the circumstances in this case, it would defeat the very purpose of the amendment. The amendment provides: ''The fiscal affairs of counties, cities, and incorporated towns, shall be conducted on a sound financial basis and no county court or levying board, or agent of any county, shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk or other county officer sign or issue any scrip, warrant, or make any allowance in excess of the revenue from all sources for the current fiscal year.''

It will be seen that the contracts involved in this case are prohibited by the Constitution, and, as we have said

before, they are void and cannot be paid. This amendment has been construed many times, and attention is called to the following cases: *Luter v. Pulaski County Hospital Association,* 182 Ark. 1099, 34 S. W. (2d) 770; *McGregor v. Miller,* 173 Ark. 459, 293 S. W. 30; *Dixie Culvert Mfg. Co. v. Perry County,* 174 Ark. 107, 294 S. W. 381; *Lybrand v. Wafford,* 174 Ark. 298, 296 S. W. 729; *Polk County v. Mena Star Co.,* 175 Ark. 90, 1 S. W. (2d) 554; *Miller v. State use Woodruff County,* 176 Ark. 889, 1 S. W. (2d) 998; *Chesnutt v. Gates,* 177 Ark. 894, 9 S. W. (2d) 37; *Carter v. Cain,* 179 Ark. 79, 14 S. W. (2d) 250.

All these cases hold that contracts made in excess of the revenue for the year in which they are made are void, and if void when made, they cannot thereafter be paid.

The decree of the chancery court is correct, and it is therefore affirmed.