McKESSON-LINCOLN Co., INC. *v.* BURLINGAME.

4-5150

Opinion delivered July 11, 1938.

*Barber & Henry* and *William W. Shepherd*, for appellants.

*Fred A. Donham*, for appellees.

HUMPHREYS, J. Appellants, who were and are creditors of Pulaski county, whose claims were declared void in the case of *John D. Shackleford, Taxpayer,* v. *R. A.*

*Cook, County Judge, B. T. Hoff, County Clerk and R. E. Kinstley, County Treasurer,* and affirmed by this court in the case styled *Cook* v. *Shackleford,* 192 Ark. 44, 90 S. W. 2d 216, filed a complaint in the chancery court of Pulaski county on the 24th day of February, 1938, against appellees, the present county judge, county clerk and county treasurer respectively as follows:

"Come McKesson-Lincoln Company, Inc., Arkansas Democrat, Beal-Burrow Dry Goods Company, W. M. Branch, Bush-Caldwell Company, Campbell, Mallory & Throgmorton, Central Printing Company, Central Supply Company, C. Finkbeiner, Whitney Harb, Inc., Kern-Limerick, Inc., Pfeifer Brothers, Finos Phillips, Quapaw Printing Company, Red Crown Water Company, Schaad Brothers, Sherwin-Williams Company, Shoemaker Bush Company, S. E. Thompson & Son, The Voss-Hutton Company, Williams Plumbing Company, The Crow-Burlingame Company, Wright Service Company, Arkla Sash & Door Company, Arkansas Upholstering & Cabinet Company, Bale Chevrolet Company, J. B. Cook Auto Machine Company, Inc., Crane Company, Democrat Printing & Lithographing Company, G. M. Lipke Printing Company, Inc., H. G. Pugh & Company, L. C. Smith & Corona Typewriters, Inc., Snodgrass & Bracy, Swift & Company, G. L. Turner, Inc., Allsopp & Chapple, American Optical Company, Gus Blass Company, DoMore Chair Company, R. F. Drummond & Company, Enterprise Lumber Company, Fones Brothers Hardware Company, Peoples Trust Company, Remington Rand, Inc., P. H. Reubel & Company, Schaer-Norvell Tire Company, Underwood Elliott Fisher Company, West Disinfectant Company, Arkansas Legionaire, T. E. Donham, 555 Incorporated, Gazette Publishing Company, Doctor E. L. Hutchinson, Jordan-Hamilton Printing Company, Jennings Motors, Lasseter Furniture Company, R. L. Foreman, successor, Little Rock Welding Company, Arkansas-Louisiana Gas Company successor to Little Rock Gas & Fuel Company, Phoebus Surgical Company successor to Little Rock Surgical Company, Crow-Burlingame Company successor to Little Rock Auto Parts Company, Fred Pattee

Printing Company, Porbeck Printing Company, Rock Arc Water Company, Shackleford Trunk & Bag Company, B. E. Tate, Bottom Dollar Shoe Shop, Arkansas Welding Company, Arkansas Carpet & Furniture Company, Hegarty Drug Company, Meyer Brothers Drug Company, and for their cause of action against J. G. Burlingame, county judge of Pulaski county, B. T. Hoff, county clerk of Pulaski county and Gus Bush, county treasurer of Pulaski county, Arkansas, state:

### 1.

That J. G. Burlingame is the duly elected, qualified and acting county judge of Pulaski county; that B. T. Hoff is the duly elected, qualified and acting county clerk of Pulaski county, and Gus Bush is the duly elected, qualified and acting county treasurer of Pulaski county, Arkansas.

### 2.

That plaintiffs are creditors of Pulaski county and their respective claims have not been paid because of the injunction issued by this honorable court in the case of *John D. Shackleford,* plaintiff, v. *R. A. Cook, County Judge, B. T. Hoff, County Clerk, and R. E. Kinstley, County Treasurer,* defendants, number 52,410, dated August 20, 1935, in which said suit the claims of these plaintiffs were listed and declared void although these plaintiffs were in no way parties to said suit nor was any service had upon them. These plaintiffs had no notice of said proceedings and were not parties in said suit wherein their claims were adjudicated and declared void by said decree and said decree is, therefore, void for lack of jurisdiction as to parties and subject-matter.

### 3.

Plaintiffs allege that their claims are just and legal demands against Pulaski county, Arkansas, and that they have no remedy at law; that they have in no wise been negligent and are free from fault, and said decree constitutes an unjust and inequitable judgment against them which is contrary to equity and good conscience and same should not be permitted to stand.

550

**4.**

Plaintiffs allege that said decree and injunction in said suit number 52,410 was procured through fraud upon these plaintiffs and upon this honorable court and because of said fraud said decree and injunction ought to be set aside, vacated and held for naught and that the claims of these plaintiffs ought to be declared lawful and valid claims against Pulaski county and ordered paid.

**5.**

Plaintiffs state that said decree and injunction was secured from this honorable court upon an agreed stipulation entered into by respective counsel in said suit number 52,410; that said agreed stipulation, among other things recited that the claims of these plaintiffs for services rendered and merchandise furnished Pulaski county in the operation of its affairs were just claims but, could not be paid because they were in excess of the general revenues for the years in which the contracts were made; that said agreed stipulation is untrue and is not founded upon true facts, but was predicated upon an incomplete audit furnished to respective counsel and this honorable court in said suit number 52,410 by the auditor who made the official audit of the financial affairs of Pulaski county for said years 1931, 1932 and 1933, and said attorneys accepted said incomplete and false audit as being complete and true and did believe that said audit was complete and true and contained all of the facts and figures reflecting the true financial condition of Pulaski county for said years when in truth and in fact said false audit was not complete and did not furnish all of the facts and figures and because thereof said audit fraudulently showed that the county expenditures for the years 1931, 1932 and 1933 exceeded the county revenues and did thereby mislead respective counsel in said suit and this honorable court. Had said audit been complete and showed all of the figures and facts the same would have reflected that the county expenditures for said years did not in fact exceed the county revenues. Said fraudulent audit was the basis for the agreed stipulation of counsel in said suit and constituted a fraudulent basis for the

entering into of said stipulation which amounted to a fraud upon this honorable court in that it induced this honorable court to render its decree and issue its injunction in said suit. Had said audit and stipulation spoken the truth this honorable court would not have declared the claims of these plaintiffs void in law and would not have rendered the decree and injunction in said suit number 52,410.

Plaintiffs state that just within the last few months have they discovered said fraud which was perpetrated upon them, upon said counsel in said suit number 52,410 and upon this honorable court, and these plaintiffs allege that the truth of the matter is that the expenditures of Pulaski county for the years 1931, 1932 and 1933 did not exceed the county revenues.

### 7.

Plaintiffs attach a copy of the complaint in said suit number 52,410 marked "Exhibit A" as a part of this complaint.

Plaintiffs attach a copy of the answer in said suit number 52;410 marked "Exhibit B" as a part of this complaint.

Plaintiffs attach a copy of the agreed stipulation of counsel in said suit number 52,410 marked "Exhibit C" as a part of this complaint.

Plaintiffs attach a copy of the decree in said suit number 52,410 marked "Exhibit D" as a part of this complaint.

Plaintiffs attach an itemized list of their claims showing the amounts due each plaintiff, marked "Exhibit E" as a part of this complaint.

WHEREFORE, plaintiffs pray that the decree and injunction of this honorable court in suit number 52,410 hereinbefore referred to be set aside, vacated and held for naught; that all proceedings in connection therewith be set aside, vacated and held for naught; that the claims of these plaintiffs be declared lawful and valid and that they, and each of them, have judgment therefor; that this honorable court enter an order directing the present county judge, county clerk and county treasurer to pay

said claims forthwith; for costs and all other proper and equitable relief, both general and special as in equity and good conscience may seem proper.''

Appellees were served with summons on February 25, 1938, and on March 14, 1938, filed the following demurrer to the complaint:

''The defendants for their demurrer herein state:

''1. That the complaint of the plaintiffs filed herein does not state facts sufficient to constitute a cause of action against the defendants or either of them.

''2. That the chancery court of Pulaski county, Arkansas, is without jurisdiction to try said cause for the reason that the complaint upon its face shows that it is an independent action making a collateral attack upon a judgment of this court.

''3. That the complaint of the plaintiffs being an attempt to modify the judgment of this court, does not follow the procedure as set forth by the statutes and laws of Arkansas.

''4. That the complaint upon its face shows that this cause has already been adjudicated in case No. 52,410 in which John D. Shackleford was plaintiff and R. A. Cook, county judge, B. T. Hoff, county clerk, and R. E. Kinstley, county treasurer, were defendants. That the decree in said cause was rendered on the 20th day of August, 1935.

''WHEREFORE, defendants pray that the complaint of the plaintiffs be dismissed and for their costs.''

The demurrer to the complaint was sustained by the court over the objection and exception of appellants, and appellants refusing to plead further and electing to stand upon their complaint, the trial court dismissed the complaint for the want of equity over appellants' objection and exception, from which is this appeal.

The sole question, therefore, for determination on this appeal is ''Does the complaint state a cause of action?''

Appellants allege in their complaint that they were not parties in the suit of *Cook* v. *Shackleford*, 192 Ark. 44, 90 S. W. 2d 216, and also alleged that they had no

notice or knowledge of the pendency of the suit either in the chancery court or in this court, wherein their claims were listed and declared void.

In view of these allegations and their further allegation that the agreement of facts in the Cook-Shackleford case was induced and based upon a false and fraudulent audit of the financial condition of the affairs of Pulaski county showing that there was no excess of revenues from all sources in the years 1931 and 1932 out of which their claims might be allowed and paid, and in view of the further allegation that a true and correct audit will disclose that there was a sufficient surplus in the years 1931 and 1932 out of which their claims might be paid and that said surplus has existed and continued since that time, we are of opinion that the complaint states a good cause of action. If in truth and fact, as appellants allege, there existed in the years 1931 and 1932 a surplus in the general revenues of Pulaski county out of which their claims might be paid and that such surplus has continued since that date in the general revenue fund, it follows that their claims should be paid out of such surplus if finally allowed by the county court.

The demurrer concedes these allegations to be true and the court should have overruled the demurrer to the complaint.

The decree, therefore, sustaining the demurrer to the complaint is reversed, and the cause is remanded with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.