Frank ARNOLD, County Judge of Sharp County,
Arkansas, et al *v.* NORTHEAST ARKANSAS
PLANNING & CONSULTING COMPANY

82-3                                    631 S.W.2d 610

Supreme Court of Arkansas
Opinion delivered April 19, 1982

*Stewart K. Lambert,* Deputy Pros. Atty., and *Coop & Hopper,* by: *Paul E. Hopper,* for petitioners.

*William R. Hass* and *H. David Blair,* for respondents.

DARRELL HICKMAN, Justice. For almost five years, Sharp County, through its elected officials, has resisted paying a $15,000 claim by the Northeast Arkansas Planning and Consulting Company. In June of 1980, we upheld a jury verdict against the county for $15,000. *Sharp County* v. *Northeast Planning & Consulting Company,* 269 Ark. 336, 602 S.W. 629 (1980). But the county still refused to pay.

The trial court issued a writ of mandamus to the county judge, Frank Arnold, and six members of the quorum court to take the necessary steps to pay the judgment. They refused, were held in contempt of court and ordered jailed until they paid the claim. We find no reason to disturb the findings and order of the trial court.

All the excuses offered by the officials are meritless. The debt has been determined valid, and Sharp County has had its day in court. The burden was on the county to show payment of the obligation would have violated the tenth amendment to the Arkansas Constitution. *City of Piggott* v. *Woodard,* 261 Ark. 406, 549 S.W.2d 278 (1977). The county did not meet their burden because there was no showing that the county did not have funds to pay the claim in 1975, the year the debt was incurred.

There is sufficient money in the county treasury to pay it now. The fact that the county has appropriated 100% of that money for other debts is irrelevant. The officials knew of the debt in question and took no steps to appropriate money for payment of it. In fact, it seems they refused to do so and that is why the trial judge ordered them to. So we do not have a case of ordering county officials to do what they cannot legally do. If funds have

to be diverted from present appropriations it will have to be done. Any problems created by that action will be the result of the officials' refusal to fulfill their responsibility in the first place — that is paying this just debt of the county.

For the first time Sharp County argues the judgment entered cannot bear interest because of Ark. Const., art. 16, § 1. That issue was not raised in *Sharp County* v. *Northeast Planning & Consulting Company, supra,* and the law of that case applies. The issue cannot be raised now.
now.

We granted a temporary stay of the trial court's order pending review of this matter on what we deem to be a petition for a writ of certiorari. That stay is dissolved and the matter is remanded. The trial court is free to proceed with its previously entered order.