Honorable R. Bynum Gibson, Jr. State Representative Gibson Gibson, P.A. P. O. Drawer 499 Dermott, Arkansas 71638
Dear Representative Gibson:
This is in response to your letter of January 9, 1987, wherein you request an opinion on the following issues:
 1. Is there a legal mechanism by which a `board' or `authority' can be created under our statutory system to borrow monies, enter into contracts on land and any other things necessary to create, construct and operate a regional jail facility . . . . If so, what is that procedure or statutory mechanism, and what are the limitations on its powers.
 2. Would there be any law at present prohibiting or curtailing the powers of these counties if such a `compact' were formed from entering into a contract with a private company to build and/or operate said facility.
As to your first question, exclusive jurisdiction over county property is vested in its governing body. Any authority to purchase property and to contract for construction must be derived from such governing body. Ark. Const. art. 7, 28. Even so, a basis for the grant of such authority as you have described is supplied by both Ark. Stat. Ann. 14-901 et seq. and Amendment 55
to the Arkansas Constitution. Section 14-901, provides authority for two or more counties to enter into an agreement to provide services and facilities to such counties. So long as appropriate action has been taken by the governing body of each county to grant the authority to enter such agreement. Amendment 55, though not specifically stated therein, would also require such action.
Under the statutory scheme of 14-904, an administrative agency or joint board may be formed to be responsible for any cooperative undertaking in furtherance of the statutes.
As to the authority of a "board" to financially obligate a county, it is obvious that the county governing body could not delegate more authority than it possessed. Therefore, it is necessary to consider the limitations placed on county governments by Amendment 10 to the Arkansas Constitution. Amendment 10 provides:
 The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenues from all sources for the fiscal year in which said contract or allowance is made; . . .
Contracts which are made in violation of this Amendment are wholly void. Warren v. State, 232 Ark. 823, 340 S.W.2d 400 (1960).
This Amendment, adopted in the General Election of 1924, was designed to make cities and counties operate on a sound, cash financial basis, rather than engaging in deficit spending. However, soon after the adoption of the Amendment, the Arkansas Supreme Court recognized that there were some necessary items which could not be paid for with the revenues for one year. Consequently, the court issued a number of opinions holding that a county might contract to build a courthouse or jail and apportion the cost over a period of several years, so long as the apportioned cost for each year, together with the other county expenditures, did not exceed the county revenues for that year. Kirk v. High, 169 Ark. 152, 273 S.W. 389 (1925); Lake v. Tatum,175 Ark. 90, 1 S.W.2d 554 (1927); Norman v. Blair, 177 Ark. 649,7 S.W.2d 328 (1928).
Finally, the manner of financing any such cooperative undertaking should be as currently provided for under Arkansas law. One method that may be utilized under just such a situation is a local capital improvement bond. See, Amendment 62 to the Arkansas Constitution.
As to your second inquiry, and as I have previously state, authority to contract with a company to build a a regional jail facility may be properly obtained. These provisions do not require any participating county to own the facility. However, current law does require each county to maintain a jail and all prisoners therein are considered to be within the custody of the Sheriff. Ark. Stat. Ann. 46-401 — 46-402 (Repl. 1977).
Thus, it is my opinion that two or more counties may form a joint board and grant to that board the authority to purchase property, contract to build and finance a regional jail facility.
This opinion which I hereby approve, was prepared by Assistant Attorney General Connie Griffin.