The Honorable John M. Pickett Deputy Prosecuting Attorney Miller County Courthouse Texarkana, Arkansas 75502
Dear Mr. Hudson:
This is in response to your request for an opinion on the following question:
 Is it legal for Miller County to execute an assignment of monies, said monies appropriated by the Arkansas State Legislature for the benefit of Miller County, to the City of Texarkana, Arkansas in light of the requirements of Ark. Stat. Ann. 17-719?
Ark. Stat. Ann. 17-719 (Repl. 1980) states as follows:
 Hereafter, all warrants issued by the County Clerk of any county in this State on order of the County Court for the payment of any claim on either of the Dockets provided in Section 1 [17-715] of this Act shall be issued in the order in which the claim therefore appears on the appropriate docket. The County Clerk shall be liable on his official bond for any loss suffered by any person due to any violation of the provisions of this Act 17-715 — 17-722 by the County Clerk.
17-715, to which 17-719 refers, applies to "goods, supplies, . . . . materials, equipment, machinery or any other item of tangible personal property payable from the county general fund or the count road fund." It may be argued that this provision does not apply to the claim in question since a lease agreement may be distinguished from the items set forth in 17-715. It should be noted, however, that 17-719 refers to "any claim on either of the dockets provided in . . . . 17-715. (Emphasis added.) 17-717 provides, furthermore, that "upon receipt of any claim against the county, the County Clerk shall examine the same and determine if the same, if allowable, would be payable from the county general fund or county road fund . . . . and he shall record such claim on the appropriate docket as provided in . . . . 17-715 hereof." (Emphasis added.) The phrase "any claim" in 17-717 may, therefore, effectively extend the application of 17-719 to all claims against the county, including the one in question.
An alternative argument in premised upon the proposition that 17-719 applies because the claim in question is in fact encompassed by 17-715. The Arkansas Supreme Court has stated, in reference to a claim based upon Searcy County's lease of office space, that "[a] leasehold interest in realty is a very real and tangible thing. It has legal existence as actually as does a five-ton truck or a cubic yard of gravel." Watts and Sanders v. Myatt, County Treas., 216 Ark. 660, 664, 226 S.W.2d 800 (1950). A different statutory provision was involved in that case, but it offers some indication that the phrase "goods, supplies. . . . materials, equipment . . . ." may be deemed to extend to the present claim.
It is impossible to state with certainty that 17-719 applies in this instance since no Arkansas court has addressed the question. Of perhaps more significance is the Arkansas Supreme Court's decision in Arnold, et al. v. Northeast Arkansas Planning and Consulting Company, 276 Ark. 5, 631 S.W.2d 610 (1982). The Court in that case addressed Sharp County's refusal to pay a debt which had been reduced to judgment. The trial court had entered an order finding defendants in contempt for failing to pay the claim. The Supreme Court dissolved a temporary stay of that order, remanding the case for proceedings consistent therewith. The defendants in that case failed to show that they did not have funds to pay the claim in the year the debt was incurred. The evidence did not, therefore, support a defense based upon Amendment 10 to the Constitution of Arkansas. The Court found no basis for the county's refusal to pay, stating that:
 There is sufficient money in the county treasury to pay it now. The fact that the county has appropriated 100% of that money for other debts is irrelevant. . . . If funds have to be diverted from present appropriations it will have to be done . . .
It cannot be conclusively stated, given the lack of all pertinent facts, that this case offers precedent in this instance. It may, however, offer some guidance to the extent the facts are compatible.
It should be noted, finally, that there are no statutory or constitutional provisions authorizing the contemplated assignment of county funds. Rather, it must be concluded that the appropriated monies must be deposited with the County Treasurer and placed in the county general fund, in accordance with Ark. Stat. Ann. 12-1741 (Repl. 1979). This conclusion is, of course, premised upon the assumption that the appropriation by the State Legislature did not direct the proposed assignment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.