The Honorable Jimmie Lou Fisher Treasurer of State 220 State Capitol Little Rock, AR 72201
Dear Ms. Fisher:
This is in response to your request for an opinion regarding Act 157 of the First Extraordinary Session of 1989 and A.C.A. §§ 20-12-201 to -203. You have asked for a legal interpretation of these provisions, and how they apply in an issue concerning the City of Sheridan. It is my understanding that the City has been asked to apply for funds from the Rural Medical Clinic Revolving Loan Fund ("Loan Fund"), which was established under Act 1093 of 1979 (codified as Sections 20-12-201 to -203).[1]
Section 20-12-203, under which the Loan Fund was established, states that the fund will consist of "moneys provided by law to be used solely and exclusively for the making of loans . . . for the construction and equipping of rural medical clinics in rural areas of this state. . . ." A.C.A. § 20-12-203(a). Although the language of Sections 20-12-201 to -203 is not absolutely clear, there is an implication that the loans would be made to medical practitioners or medical clinics. See, e.g., A.C.A. § 20-12-203(a)(1) and (4).
Unlike A.C.A. §§ 20-12-201 to -203, however, Act 157 of the First Extraordinary Session of 1989 contains the following language:
 There is hereby appropriated to the State Board of Finance, to be payable from the Rural Medical Clinic Revolving Loan Fund, for making loans or grants to medical clinics in rural areas in this State, as authorized by Arkansas Code 20-12-201 to be used for the acquisition of land, construction, renovation, repair and acquisition and installation of equipment required by rural medical clinics, the following:
 (A) For grants or loans to communities not to exceed $10,000 for any community to establish a medical clinic . . . the sum of . . . . . . . . . . $205,000.
 (B) For grants or loans due to critical needs as determined by the Director of the Department of Health to physicians or communities to establish a medical clinic, the sum of . . . . . . $20,000. [Emphasis added.]
Acts 1989 (1st Ex. Sess.), No. 157, § 1.
The 1989 Act does not define "communities." The terms "rural areas," "rural community," and "community" do appear, however, in Sections 20-12-201 to -203. And it is clear from these provisions that the terms are to be construed to mean any city or other area with a population of seven thousand five hundred (7,500) or less. See A.C.A. § 20-12-202(2) (definition of "rural area.")
It is my opinion that these acts (Act 157 of the First Extraordinary Session of 1989 and Act 1093 of 1979 (A.C.A. §§ 20-12-201 to -203)) must be reconciled and construed together, if possible, so that all parts are effective. See, e.g., Town of Wrightsville v. Walton, 255 Ark. 523,501 S.W.2d 241 (1973). The 1989 act clearly encompasses "communities" within the intended recipients of loans or grants from the Loan Fund. This language appears clear on its face. Sections 20-12-201 to -203 further evidence legislative intent, however, in focusing upon "rural communities" (emphasis added).
In conclusion, therefore, communities falling with the definition of "rural area[s]" under A.C.A. § 20-12-202(2), supra, may, in my opinion, apply for a loan or grant from the Loan Fund. The grant or loan cannot exceed $10,000, in accordance with Section 1(A) of the 1989 act.[2] It also appears that repayment must be made within fifteen (15) years.[3] It must also be recognized, with regard to "communities," that Article 16, Section 1 of the Constitution of Arkansas prohibits cities or towns from issuing ". . . any interest bearing evidences of indebtedness." The five percent (5%) interest rate referenced under A.C.A. § 20-12-203 is therefore inapplicable in the case of loans to "communities."
With regard, specifically, to the City of Sheridan, as well as other cities, consideration must be given to the limitation under Amendment 10 to the Arkansas Constitution (incorporated in Ark. Const. Art. 12, § 4) concerning contracts in excess of current fiscal year revenues. Contracts requiring an expenditure of revenues by the city in excess of those for the year in which the contract was made are void under Amendment 10. Cook v. Shackleford, 192 Ark. 44,90 S.W.2d 216 (1936). This raises a factual question, the resolution of which will depend upon the particular circumstances in each case. Such questions are not properly within the scope of an Attorney General Opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, STEVE CLARK Attorney General
SC:ljm
[1] You have attached correspondence from the legal advisor to the City of Sheridan wherein it is concluded that ". . . the City cannot borrow money in this manner without violating Amendment Ten (10) to the Arkansas Constitution." Letter from Eddy R. Easley to Robert C. Brown, Chief Deputy, Treasurer of State, dated March 27, 1990.
[2] A $20,000 limit is established under Section 1(B) of Act 157 of the First Extraordinary Session of 1989 with respect to grants or loans due to "critical needs" as determined by the Director of the Department of Health.
[3] A repayment period is not set under the 1989 act with regard to grants or loans due to "critical needs." Reading the acts together, however, one may conclude that the ten (10) year period under A.C.A. § 20-12-203(a)(2) will apply in that instance. Legislative clarification may, however, be indicated.