The Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following question:
 Does a county judge or any other county official have the authority to borrow money for county purposes in the county's name, with or without the quorum court's approval and, if so, how much can they borrow?
The county judge is the county official who has been given authority, generally, to ". . . enter into necessary contracts or other agreements to obligate county funds and to approve expenditures of county funds appropriated therefore in the manner provided by law." A.C.A. 14-14-1102(b)(2)(C)(ii).
While the county judge thus has the authority to obligate the county under "necessary contracts" including, it would seem, a loan agreement, it must be noted that the county is precluded under Article 16, 1 of the Arkansas Constitution from issuing any interest-bearing evidences of indebtedness.
See also A.C.A. 14-14-805(11). The county judge's ability to borrow money in the county's name may as a practical matter be impeded by this prohibition.
With regard to the extent of any borrowing authority, consideration must be given to the limitation under Amendment 10
to the Arkansas Constitution (incorporated in Ark. Const. Art. 12,4) concerning contracts in excess of current fiscal year revenues. Contracts requiring an expenditure of revenues by the county in excess of those for the year in which the contract was made are void under Amendment 10. Cook v. Shackleford, 192 Ark. 44,90 S.W.2d 216 (1936). Whether or not amounts borrowed in any given instance run afoul of this constitutional limitation will involve factual questions to be resolved on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The prohibition against interest-bearing evidences of indebtedness is contained in the original first section of Art. 16, 1 of the Arkansas Constitution. This section remains in effect, notwithstanding the fact that Art. 16, 1 was superseded by Amendment 13, which was in turn superseded by Amendment 62 to the Arkansas Constitution. See City of Hot Springs v. Creviston,288 Ark. 286, 705 S.W.2d 415 (1986).
[2] It should be noted that a mechanism for temporary loans to local governments by the State Board of Finance is established under A.C.A. 19-3-401 to -403. The loans may be in an aggregate amount no greater than the difference between average monthly percentage cash flow of the county for the preceding five (5) fiscal years and the actual percentage cash flow in the current tax year computed on the basis of taxes collected in relation to estimated tax collections for the tax year. A.C.A. 19-3-402(b). Rules and regulations, as well as forms and loan instruments in this regard, are promulgated by the State Board of Finance. A.C.A. 19-3-403.