The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72333
Dear Representative Flanagin:
This is in response to your request for an opinion on several questions involving the disbursement of appropriated funds in St. Francis County. You note that the county maintains one bank account comprised of various separate county funds, and that the separate funds are restricted either by law or county ordinance for particular governmental functions or purposes (e.g., the County Road Fund). Your specific questions are as follows:
 1. May a county judge approve a voucher for the disbursement of $50.00 of appropriated County Road Funds when the County Treasurer's ledger reflects a balance of only $20.00 in the County Road Fund and a balance of $100 in the County General Fund?
 2. May a county judge approve a voucher for the disbursement of $150.00 of appropriated County General Funds when the County Treasurer's ledger reflects a balance of $100.00 in the County General Fund, and the bank account has a balance of $300.00?
 3. For purposes of authorizing the disbursement of appropriated county funds under the provisions of Ark. Code Ann. 14-14-1102(b)(2), does the term "fund" refer to the particular funds of the county, i.e., County Road Fund, County General fund, Assessors' Fund, and Collectors' Unapportioned Fund, or does the term "fund" refer to any and all moneys, from whatever source, combined together in a single bank account?
It must be initially noted, in addressing these questions, that in accordance with A.C.A. 14-14-1102(b)(2)(C)(i), "[n]o money shall be paid out of the treasury until it shall have been appropriated by law and then only in accordance with the appropriation. . ." An "appropriation ordinance" is defined under A.C.A. 14-14-907(a)(1) as:
 . . . a measure by which the county quorum court designates a particular fund, or sets apart a specific portion of county revenue in the treasury, to be applied to some general object of expenditure or to some individual purchase or expense of the county.
Thus, with regard to your first two questions, county funds must as a general matter be expended in accordance with the applicable county appropriation. Macky v. McDonald, 255 Ark. 978,504 S.W.2d 726 (1974); see also Ark. Const., Art. 16, 12. Whether or not a given expenditure is in accordance with state laws and procedures, however, will involve questions of fact, including the nature of the obligation or claim presented to the county judge, the stated purpose(s) of the appropriation(s) in question, and the source of the funds proposed to be disbursed. See generally Macky v. McDonald, supra; Arnold v. Northeast Ark. Planning Consulting Co., 276 Ark. 5,631 S.W.2d 610 (1982). We are thus unable to make any general pronouncements in response to your first two questions. A review of applicable law in this are reveals the necessity of considering all of the relevant facts and circumstances surrounding the particular claim.
In response to your third question, it is my opinion that the term "fund" in A.C.A. 14-14-1102(b)(2)(B)(i) refers to the "particular fund" or the "specific portion of county revenue in the treasury" that is designated or set apart in the appropriation, in accordance with A.C.A. 14-14-907(a)(1), supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:arb