The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, Arkansas 72110
Dear Senator Gordon:
This is in response to your request for an opinion on two questions regarding the awarding of indigent defense fees. Specifically, you note that the prospects of a special session appear unlikely, and several counties have questions related to the awarding of indigent defense fees to attorneys. Specifically, your two questions are as follows:
 1. Whether an order of a circuit court awarding indigent attorneys' fees takes precedence over general obligations of the county (without regard to any question of the issuance of a contempt citation)?
 2. Assuming this is the case, and a county is fiscally unable to pay all of its obligations in a general year, does the prohibition against deficit spending prevent it from paying that liability in the succeeding year?
The questions you present will ultimately have to be decided through the judicial system, most likely by the individual courts issuing orders for the county to pay these attorneys. The comments herein should not be construed as suggesting or advising that any county act contrary to a court order. The county should, instead, look to the court to determine its legal obligation, based upon the particular facts of each case.
I will, however, set out the applicable law, and outline the issues the courts will be facing. The questions you raise are prompted by the Arkansas Supreme Court's decision in Arnold v.Kemp, 306 Ark. 294, S.W.2d (1991). This case held the "fee cap" for the defense of indigent defendants unconstitutional. See
A.C.A. § 16-92-108. Justice Dudley, in his concurrence, noted the probable outcome of the decision, which now gives rise to your questions:
 For all practical purposes, the judiciary will have usurped the legislature's power over appropriations, and the courts will be authorized to order large sums of unappropriated money to be paid to attorneys. It is conceivable that county, and perhaps state, financial crises will result.
306 Ark. at 309 (Dudley, J. concurring).
Also relevant to your questions is Arkansas Constitution, art. 12, § 4, as amended by Amendment 10, which provides as follows:
 The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk or other county officer, sign or issue any script, warrant or make any allowance in excess of the revenue from all sources for the current fiscal year. . . .
This provision has been interpreted to mean that services rendered in a given year may not be paid from a succeeding year's revenues. Goodwin v. State, 235 Ark. 457, 360 S.W.2d 490
(1962); Cook v. Shackleford, 192 Ark. 44, 90 S.W.2d 216 (1936).See also Att'y. Gen. Op. Nos. 89-111 and 85-221.
Your first question involves the priority of claims as between general obligations of the county, and an order to pay a particular attorney a set amount for the defense of indigents. This question will only arise assuming there are not sufficient county funds to pay all of the county general obligations and the court-ordered defense fees. You state that your question is asked "without regard to any question of the issuance of a contempt citation." It is my opinion that this question cannot be answered "without regard to any questions of the issuance of a contempt citation." The power of contempt is the mechanism a court uses to enforce its orders. Without the power of contempt, court orders would be unenforceable.
It is also my opinion, however, that a court, through the contempt power, cannot enforce an order against a party where that party is legally or practically unable to comply therewith.See generally, 17 C.J.S. Contempt § 19. In Arnold v.Northeast Arkansas Planning Consulting Co., 276 Ark. 5,631 S.W.2d 610 (1982), the county judge and quorum court members were held in contempt of court and jailed because they refused to comply with an order awarding planning and consulting fees. The county defended on the basis that the payment would have violated Amendment 10 to the Arkansas Constitution. The court held that the "burden was on the county to show payment of the obligation would have violated the tenth amendment to the Arkansas Constitution. [Citation omitted.] The county did not meet their burden because there was no showing that the county did not have the funds to pay the claim in 1975, the year the debt was incurred." 276 Ark. at 6.
The language of the court thus implies that if the county could meet its burden, i.e. could prove that there were insufficient funds to pay a claim in the year it accrued, the county could not be held in contempt for failure to comply with the order.
It is therefore my opinion, in response to your first question, that an order awarding indigent fees would not necessarily "take precedence" over other general obligations of the county. This question will depend upon the judgment of the court, and whether it finds that the county is unable to comply with its order, and thus not subject to the contempt power. Warrants or allowances made in violation of Amendment 10 are void, (see Cook,supra), and a court might well find that such allowances could not "take precedence" over other lawful allowances for general obligations of a county.[1]
Your second question asks whether, if the order takes precedence over general obligations, these obligations could be paid from succeeding year revenues. As we have seen, a court order awarding indigent defense fees may not be granted priority by a court over other general obligations of the county, if a court finds that the county is unable to comply with the order under the Arkansas Constitution. The question at that point is whether the indigent defense fees could be paid out of succeeding year revenues. The answer to this question is "no," absent a court order to this effect.[2] See Northeast Arkansas Planning, supra,
(awarding payment in apparent violation of Amendment 10, due to county's failure to pay a just debt of the county); Goodwin,supra; and Opinion Nos. 89-111 and 85-221.
Again, the resolution of these questions must be determined in the judicial branch of government, absent any action by the legislature. The court will consider the relevant law set out above in determining whether these fees can be awarded against the counties, in light of their other obligations. A court faced with the question might also interpret the remaining provisions of A.C.A. § 16-92-108 as requiring the state to pay for these indigent defense fees if they cannot legally be paid by the counties. Subsection (c)(2) of this statute provides that "[t]he balance [of these fees] not paid by the counties shall be paid by the state from the Trial Expense Assistance Fund created by §16-92-109."[3] Although the statute creating this fund excludes from the definition of "costs" expenses incurred by the court-appointed attorney in investigation and defense, subsection (c)(2) of 16-92-108 was adopted after the enactment of this definition, (see Act 1076 of 1985) and operates to require the state to pay "the balance" of these fees from the "Trial Expense Assistance Fund," which is fueled by the Miscellaneous Revolving Fund. The reimbursement procedure set out at A.C.A. § 16-92-109
provides for reimbursement only in certain instances. Some of the awards counties are now facing with regard to these fees may be eligible for "reimbursement" from the "Trial Expense Assistance Fund." (See however A.C.A. § 14-20-102(c) (Cum. Supp. 1991), as to the inapplicability of this state payment provision in counties levying a five dollar court cost for the defense of indigents.)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] In making this determination, the court may be faced with deciding whether the Supreme Court's ruling in Arnold, supra,
which was based on federal due process grounds, requires that these attorneys be paid even if it requires a contravention of Amendment 10 to the Arkansas Constitution. It is conceivable, in my opinion, that a court could determine that because these attorneys were awarded "just compensation" under federal due process requirements, the provisions of Amendment 10 of the Arkansas Constitution are superseded under the requirements of the Supremacy Clause to the United States Constitution.
[2] Again, it is conceivable that the court could base such an order on the Supremacy Clause. See note 1, above.
[3] A question arises as to whether this subsection is still effective, in light of the court's ruling. The answer will turn upon whether this subsection is "severable" from the unconstitutional portions of the act.