The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion regarding a municipality's agreement to repay certain funds to the Arkansas Highway and Transportation Department ("Department"). You state that the cost of relocating a municipal utility line in connection with the widening of a highway must be borne by the utility. You note that this cost can be more than a small municipality can pay, and that the Department in that instance loans the necessary amount to the municipality and repayment is made over a number of years. You have asked whether it is lawful for a municipality to enter into an agreement to repay the Department over several years.
This question cannot be answered with a simple "yes" or "no" because it requires reference to the particular facts surrounding the agreement, and specifically the exact terms thereof, including the source of payment on the loan. This type of factual review is not ordinarily within the scope of an opinion from this office. I will, however, set out the general legal provisions that may be implicated under your question.
Assuming that repayment is to be made from tax revenues and that no bond issue is contemplated,[1] consideration must be given to Arkansas Constitution Article 12, Section 4 and Article 16, Section 1. Article 12, 4, as amended by Ark. Const. Amend. 10, addresses the extent of the city's borrowing authority. This provision prohibits counties and cities from incurring indebtedness in excess of revenues for the fiscal year in which the contract was made. It states in relevant part that:
 [t]he fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and . . . [no] mayor, city clerk or recorder, or any other officer or officers, however designated, of any city of the first or second class or incorporated town [shall] sign or issue script, warrant or other certificate of indebtedness of [sic] excess of the revenue from all sources for the current fiscal year.
Contracts that are made in violation of this prohibition are wholly void. Warren v. State, 232 Ark. 823, 340 S.W.2d 400
(1960). See also Cook v. Shackleford, 192 Ark. 44, 90 S.W.2d 216
(1936); Goodwin v. State, 235 Ark. 457, 360 S.W.2d 490
(1962) (making a contract in one year to be paid out of the revenues of a succeeding year contrary to Ark. Const. Amend. 10
(art. 12, 4), citing City of Little Rock v. White Co.,193 Ark. 837, 103 S.W.2d 58 (1937). The question of whether amounts borrowed in any given instance run afoul of this constitutional limitation will require a factual determination on a case-by-case basis.
It must also be noted that municipalities are precluded under Ark. Const. art. 16, 1 from issuing any interest bearing evidences of indebtedness. But see n. 1, supra, regarding bond issues. This provision states in part:
 Neither the state nor any city, county, town or other municipality in this state shall ever lend its credit for any purpose whatever; nor shall any county, city or town or municipality ever issue any interest bearing evidences of indebtedness. . . . [Emphasis added.]
Again, as with Ark. Const. art. 12, 4, the applicability of art. 16, 1 requires a case-by-case factual review of the particular agreement(s).
While I am therefore unable, due to the factual nature of your inquiry, to provide a conclusive determination as to the legality of such an agreement, the foregoing offers general guidance in addressing the potential underlying issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] With respect to issuance of bonds, see Ark. Const. Amend. 62
and Amend. 65. Amendment 65 authorizes the issuance of "revenue bonds," expansively defined therein as ". . . all bonds, notes, certificates or other instruments or evidences of indebtedness the repayment of which is secured by rents, user fees, charges, or other revenues (other than assessments for local improvements and taxes) derived from the project or improvements . . . , from the operations of any governmental unit, or from any other special fund or source other than assessments for local improvements and taxes." See also A.C.A. 19-9-601 to -607 (Cum. Supp. 1993) (Revenue Bond Act of 1987).